MOORE, DUNCAN & MERSCHEIDT v. C. ALSTON.

(No. 3782.)

APPEAL from Gregg County. Opinion by DAVIDSON, J.

OTHO F. LANE, counsel for appellants.

BLANTON & BLANTON, counsel for appellee.

§ 279. *Statute of frauds; promise to pay debt of another; failure of consideration must be pleaded.* This suit was based upon a note executed by the husband of appellee in his life-time, and upon a letter written by

appellee after the death of her husband, wherein she agreed and promised to pay it. Her defense was simply general denial. The court rendered judgment in favor of appellee, the cause being tried by the court without the intervention of a jury. The note sued on was for $200, and also the letter of appellee promising to pay same. From the evidence it appears that appellee's line of defense was that she was not liable as a community survivor, because she and her husband had no community property; and secondly, that the letter she wrote appellants was not a sufficient legal promise to pay. The lower court seems to have considered the defense established on both these propositions. We are of opinion that the evidence actually establishes the fact that the property was community property in the hands of appellee, and was sufficient to pay the debt; and we are further of opinion that if the property was her own, and not community, she would still be liable on her promise in writing to pay the debt. In the letter she promises to pay all the debts when she sells some land, and her testimony shows that she has long since sold the land. If the letter would be a sufficient promise to take the debt out of the bar of the statute of limitations, we think it sufficient to take it out of the statute of frauds. The promise is to pay the debt of another, and it is in writing. Under the evidence, it meets the fullest and most technical requirements of the statute. In Lange v. Caruthers, 70 Tex. 718, our supreme court held a similar undertaking in writing to be a promise to pay, and not within the purview of the statute of frauds; holding, however, that to entitle a plaintiff to recover on such a contract it should allege that defendant was or had been asked to pay the account subsequent to the promise and before suit; citing numerous authorities. In this case both the allegation and proof to sustain it were made. The question is again discussed in Russ v. Cunningham (Tex. Sup.), 16 S. W. Rep. 446, wherein our supreme

court held a similar contract in writing to pay a debt of another valid, and not within the statute of frauds. We are further of opinion that the court erred in allowing testimony to show a failure of consideration when no plea to that effect had been interposed. Because by the pleadings and evidence, as made to appear to us in the record, appellants (plaintiffs in the court below) should have recovered a judgment upon their note, the judgment of the lower court is here reversed, and now rendered in behalf of appellants that they recover of and from the appellee the full amount due upon said note, together with interest upon same, and all costs of this proceeding, for which execution may issue.

December 22, 1891.        Reversed and rendered.