## J. H. AND EUGENE LINDLEY v. NUNN & BLAKENEY.

### Decided October 27, 1897.

#### 1. Pleading—Non Est Factum—Want of Consideration.

In the absence of a plea and affidavit denying the legal execution or impeaching the consideration of the vendor's lien notes sued on, evidence was not admissible to show that they had never been delivered to the payee named, nor to defeat the recorded vendor's lien reserved in them by showing that the notes were not given, as they purported to be, for purchase money.

#### 2. Same.

M. conveyed land to S., who reconveyed it by deed, reserving a lien for several notes payable to bearer and purporting to be for purchase money. Defendant, who purchased from M. after record of the lien, to a suit for foreclosure pleaded only general denial and innocent purchaser. Under such answer he could not show that the notes sued on were never delivered to S. and were not given for the purchase money, but were delivered to other parties, and were for prior debts of M. sought to be secured under the form of a sale to S. and reconveyance by him, with reservation of lien.

APPEAL from Hunt. Tried below before Hon. R. L. PORTER.

*J. G. Matthews,* for appellants.—1. Where the undisputed evidence is clear and conclusive that promissory notes were executed and delivered

in consideration of a pre-existing debt, the finding by the court that they were given for land can not be sustained.  Lee v. Michael, 35 S. W. Rep., 45.

2.  Unless a promissory note is given as part of the purchase money for land, the same can not constitute a vendor's lien note.  Lee v. Michael, 35 S. W. Rep., 45.

3.  Where plaintiffs seek a foreclosure on vendor's lien notes on land, alleging in the petition that they were delivered to J. L. B. Smith as a part of the purchase money for a tract of land, the notes being payable to J. L. B. Smith, or bearer, and also alleging that said Smith transferred the notes to plaintiff; and the defendant has pleaded a general denial, it is then incumbent on the plaintiff, in order to sustain said allegation, to prove that the note was delivered to Smith, and that the same was then transferred by Smith to plaintiffs.  Lee v. Michael, 35 S. W. Rep., 45; Erskine v. Wilson, 20 Texas, 78; Winn v. Gilmer, 81 Texas, 345.

4.  Where a petition is based on promissory notes payable to J. L. B. Smith, or bearer, and alleges that they were delivered to Smith as part consideration for land (describing it), and transferred by said Smith to plaintiffs, and the defendants have pleaded a general denial, the defendants would have the right to controvert every material allegation of plaintiffs' petition, and show by parol evidence that the notes were not transferred by Smith to plaintiffs, and also that the notes were never delivered as a part of the consideration for land.  Winne v. Gilmer, 81 Texas, 345; 1 Dan. on Neg. Inst., sec. 65.

5.  Under a plea of general denial, the defendant would have the right to introduce parol evidence in denial of every affirmative allegation in plaintiffs' petition concerning the delivery of the note payable to J. L. B. Smith or bearer, where the note is not indorsed by payee, and to show that he never transferred it as alleged in the petition.  Same authorities.

6.  Where a promissory note payable to J. L. B. Smith or bearer, without the indorsement of J. L. B. Smith thereon, was introduced in evidence by some one other than J. L. B. Smith, the note itself would not be evidence that it had been delivered to Smith and transferred by him to the then owners and holders thereof.  Dan. on Neg. Inst., sec. 663a.

*Craddock & Looney,* for appellees.—1.  In a suit upon a promissory note payable to bearer, evidence is not admissible, under a general denial, that the note was not delivered.  Grounds v. Sloan, 73 Texas, 662; Lewin v. Houston, 8 Texas, 94.

2.  Evidence of want or failure of consideration for a promissory note is admissible only under sworn plea raising such issue.  Rev. Stats., art. 1265; Lewin v. Houston, 8 Texas, 94; Moore v. Alston, 17 S. W. Rep., 1117.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by Nunn & Blakeney, a firm composed of W. G. Nunn and G. W. Blakeney, against R. G. Maddin and Eugene Lindley and her husband, J. H. Lindley, De-

cember 23, 1895, on two promissory notes, one for $200 and the other for $300, dated February 24, 1892, to J. L. B. Smith or bearer, bearing 10 per cent interest per annum from date, and providing for 10 per cent additional, in case of legal proceedings, as attorney's fees, both notes given as purchase money for eighty acres of land conveyed by Smith and wife to R. G. Maddin on the date of the notes, and to foreclose vendor's lien on the land. The Lindleys were made parties defendant upon the ground that they claimed some interest in the land. All the defendants answered by general demurrer and general denial, and the Lindleys specially answered that they were innocent purchasers of the land by deed of R. G. Maddin to J. H. Lindley, of date December 6, 1893, Lindley assuming the payment of a mortgage for $800, which he did pay before suit, and paying $800 in cash, all without notice of any vendor's lien note or mortgage or deed from Maddin to Smith or Smith to Maddin; that Maddin had complete title independently of the said deeds.

. The case was tried without a jury, and judgment rendered by the court for plaintiffs, as prayed for, foreclosing the alleged lien and ordering sale. The Lindleys have appealed.

*Findings of Fact.*—We find the facts as follows: The two notes sued on were executed as alleged, and admitted in evidence. The note for $200 is in the following language:

"$200.   Vendor's Lien Note.   Commerce Texas, Feb. 24, 1892.—On the first day of January, 1894, I promise to pay to J. L. B. Smith or bearer the sum of two hundred dollars, with interest at rate of 10 per centum per annum from date hereof until paid, for value received. Both interest and principal payable at Commerce, Texas. This note is given in part payment of the purchase money for 80 acres of University land, in Hunt County, Texas, a part of leagues 4 and 7, block No. 14, this day deeded to me by J. L. B. Smith and wife; and for the payment hereof, together with the interest hereon, according to the tenor and reading hereof, a vendor's lien is hereby acknowledged; and in case of legal proceedings on this note, I agree to pay an additional 10 per cent on the principal and interest, as attorney's fees.
     (Signed)               .                    "R. G. Maddin."

The other note is in the identical language of the above, except it is for $300, due at the same time. On the day of the date of the notes J. L. B. Smith and wife executed to R. G. Maddin a deed to the land described in plaintiffs' petition and in the notes, for a recited consideration of $400 cash and the two notes set out above; also two notes for $50 each due January 1, 1894, bearing 10 per cent interest per annum, retaining vendor's lien on the land conveyed to secure the payment of the purchase money, and reciting the further consideration that Maddin assumed payment of a mortgage lien on the land of $800, held by Scott & Baldwin, and also a note for $200 given by Smith to Maddin. The deed was duly

and legally signed and acknowledged by Smith and wife before a notary public, and bears his certificate to that effect in due and legal form. The deed was filed for record and recorded in the office of the county clerk of Hunt County, Texas, March 18, 1892, in the deed records of that county.

R. G. Maddin testified that he signed the notes sued on, one of which was delivered to plaintiffs and the other to one Tipton, a merchant in Ladonia. "Smith never saw the notes, neither did I deliver them to anyone at Smith's direction. The notes were not purchase money notes. I signed and delivered them, as stated, without saying anything to Smith. A short time before the notes were executed, I wanted to borrow $200 from Frank Rainey, and the land in question being my homestead, and I could not mortgage it, so I arranged with Smith to let me deed my land to him, for the purpose of having a purchase money note for $200, which was done, and deed and note executed. Smith paid nothing except to execute the notes. I used the $200 note, and then had R. B. Long to prepare a deed from Smith and wife to the land back to me, describing the notes sued on, and other considerations." The deed was prepared, duly acknowledged by Smith and wife, all at the instance of Maddin. He says: "I assumed the $200 note that he had given me, also $800, Scott & Baldwin, recited the two notes sued on and two others for $50 each, and also cash consideration $400. I explained to plaintiffs and Tipton all about these notes, and all about the transactions out of which they grew. I was in debt to Nunn & Blakeney and to Tipton in the full amount of the notes given them by me."

J. L. B. Smith testified: "I know Maddin and also Nunn & Blakeney. [The notes sued on being shown to him.] I never saw these notes before. Mr. Maddin had conveyed me his tract of land, and I signed a note for $200 in order to enable him to get that amount from Frank Rainey. I paid nothing for the conveyance. After this Maddin sent R. B. Long to me to get the land conveyed back to him, and I and my wife conveyed it back to him, and the deed was duly acknowledged by us. I paid but little attention to the deed, and only asked Long if the $200 note was mentioned in the deed, and he said yes. I knew nothing about my notes from Maddin to me being mentioned in the deed. Before signing the deed back to Maddin, he and I had a talk about it, and I knew that Long would write the deed and take the acknowledgment. I never saw the notes sued on, but Maddin and I talked about the matter, and I knew he would have such notes written, and, as I regarded the land his, I was willing for him to have the notes drawn or to do as he pleased about the matter." The plaintiffs objected to so much of the testimony of Maddin and Smith as tended to show that the notes were not purchase money notes and valid liens on the lands or that tended to impeach the consideration of the notes; because the pleading of defendants would not admit of such proof; because defendants had not pleaded failure or want of consideration, and because parol evidence was not admissible to vary or contradict the notes and deed. These objections were overruled, plaintiffs reserving an exception.

J. H. Lindley bought the land in question from R. G. Maddin and paid him $1600 cash for the same after the execution of the notes sued on. He had no personal knowledge of the deed from Maddin to Smith and Smith and wife back to Maddin until he was sued. He had the title examined by the clerk, from the State down to Maddin, and found it regular—never thought of looking for a deed from Maddin to anyone else.

Defendants introduced a deed by R. G. Maddin and wife to J. L. B. Smith, conveying the land in question, dated February 10, 1892, recorded March 18, 1892, in the office of the county clerk of Hunt County, Texas, in deed records; also deed by R. G. Maddin and wife to J. H. Lindley, dated December 6, 1893, conveying the land for a recited consideration of $800 cash and the assumption by Lindley of the $800 mortgage to Scott & Baldwin. The foregoing is all the testimony adduced upon the trial.

The trial judge filed conclusions of fact as follows:

"1. I find that on February 24, 1892, J. L. B. Smith and wife, by deed of conveyance in due and regular form, properly executed and acknowledged before R. B. Long, justice of the peace and ex-officio notary public of Hunt County, conveyed the land described in plaintiffs' petition to R. G. Maddin in consideration of the two notes sued on, also recited consideration further of two notes for $50 each, a mortgage assumed of $800, a note for $200, and also recited cash, $400.

"2. I find that defendant Maddin executed the notes sued on, and that there is now due thereon, principal, interest, and attorney's fees, the sum of $792.

"3. I find that the deed from Smith and wife to Maddin was duly and legally recorded in the office of the county clerk of Hunt County, Texas, on March 18, 1892, and that said deed and its record fully recited the notes sued on, describing them, and especially reserving the vendor's lien on said land to secure the payment of said notes.

"4. I find that the notes sued on recite that they were given as a part of the purchase money for the said land so conveyed by Smith and wife to Maddin, and reserving lien on the said land to secure their payment.

"5. I find that the said notes, interest, and attorney's fees constitute a valid lien on the said land described in plaintiffs' petition.

"6. I find that plaintiffs are the holders of said notes and entitled to sue thereon."

As conclusions of law, the court found:

"I conclude that plaintiffs are entitled to judgment against R. G. Maddin for the full amount of the notes, interest, and attorney's fees, aggregating $792, with 10 per cent interest thereon.

"I further conclude, that plaintiffs are entitled to have the lien foreclosed on the land described in their petition to secure the payment of the said sum of $792, interest, and court costs, as against all the defendants. I have concluded that I was in error in admitting the evidence of both Maddin and Smith over the objections of the plaintiffs, in so far as the same went to show that the notes sued on were not valid purchase

money lien notes, and in so far as the said testimony impeached said notes, or the consideration thereof, and so believing that I was in error in admitting said testimony, I have discarded the same from my consideration. Let judgment be rendered for plaintiffs against Maddin for the debt, interest, attorney's fees, with foreclosure of lien on said tract of land, as against all the defendants."

Judgment was entered accordingly, and J. H. and Eugene Lindley have appealed.

*Opinion.*—The deed of Maddin and wife to J. L. B. Smith was made February 10, 1892, and was recorded March 18, 1892. The deed of Smith and wife back to Maddin, reciting as part consideration the notes sued on, was executed February 24, 1892, and was duly recorded March 18, 1892.

These records had the effect to put the Lindleys on notice of the deeds and the facts recited therein. Besides a general demurrer and general denial, the Lindleys had filed no plea other than that of innocent purchasers. This plea was undoubtedly defeated, the instruments creating the lien being of record at the time they purchased the land. A lien was created by the writings executed by the parties, of which the Lindleys were bound to take notice, and this lien could be foreclosed against them, they being subsequent purchasers.

The consideration of the notes was not impeached by pleading, and the court did not err in disregarding the testimony to that effect. Sayles' Rev. Stats., art. 1265.

Where the assignment of a note was under consideration and it was sought to impeach it, Justice Henry, after reciting the statute upon the subject, says: "Clearly, this statute intends to give an assignee of a written instrument the right to recover upon it without other proof than the production of the indorsed instrument, unless its genuineness is denied specially in the answer, supported by affidavit. Without such plea and affidavit, evidence contesting the validity of the assignment should not be heard. Even if evidence to the effect that the assignment, for any cause, is invalid or incomplete should be admitted in the absence of the plea required by the statute, it would go for nothing. A valid judgment can not be rendered on evidence unsupported by a proper pleading. Without the prescribed plea, the language of the statute is that the assignment shall be regarded as fully proved. This includes delivery and everything else required to give the assignment legal effect."

In the absence of a plea denying the validity of the notes or their legal execution, no such defense could be heard. This rule embraces the delivery of the notes, the delivery being the final act of execution. There is no question before us as to the waiver of the affidavit. There was no such plea in any form. Rev. Stats., art. 1265; Moore v. Alston, 17 S. W. Rep., 1117. Without appropriate pleas it was proper to disregard testimony impeaching the legality of the notes. The general denial only imposed upon plaintiff the duty of producing the notes, and the proof of

the lien which was established by the notes and the deeds. Robinson v. Brinson, 20 Texas, 440; Matossy v. Frosh, 9 Texas, 611; Lewin v. Houston, 8 Texas, 94.

The foregoing disposes of all appellants' objections to the rulings of the court and the judgment of the court adversely to them. We find no error in the judgment, and it is affirmed.

*Affirmed.*