ATER et al. v. KNIGHT.    (No: 1600.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1920. Rehearing Denied Feb. 18, 1920.)

1. VENDOR AND PURCHASER ⬡ 278—LIMITATION STATUTE AS TO VENDOR'S LIEN DOES NOT APPLY TO JUDGMENT BASED ON VENDOR'S LIEN NOTE.

Rev. St. 1911, art. 5694, barring rights under vendor's lien in 4 years, applies to vendor's lien evidencing indebtedness due for the purchase money, and not to a judgment based on such indebtedness.

2. JUDGMENT ⬡ 856(1)—IN SCIRE FACIAS TO REVIVE JUDGMENT IN REALITY SUIT FOR DEBT.

While the technical judgment on scire facias to revive a judgment is ordinarily that execution issue, yet, as the judgment was a debt, the proceeding to revive is nothing more or less than a suit for debt.

3. VENDOR AND PURCHASER ⬡ 246—VENDOR'S LIEN INCIDENT OF DEBT.

A vendor's lien is but an incident to the debt, and follows the debt in whatever form it may be evidenced.

4. VENDOR AND PURCHASER ⬡ 278—STATUTE OF LIMITATIONS AS TO VENDOR'S LIEN DOES NOT AFFECT RULE THAT JUDGMENT ON VENDOR'S LIEN NOTE PRESERVES THE LIEN.

The rule that a vendor's lien is preserved from the bar of limitations on the purchase-money note if personal judgment is had on such note, so that after expiration of the period of limitation on the note a proceeding may be commenced to revive the judgment and enforce the vendor's lien as an incident to the debt evidenced by the judgment, is not changed by the passage of Rev. St. 1911, art. 5694, prescribing 4-year limitation for suits to recover land by virtue of vendor's lien.

5. VENDOR AND PURCHASER ⬡ 265(2)—DEED RECITAL OF VENDOR'S LIEN NOTICE TO SUBSEQUENT PURCHASER.

Where duly recorded deed recited vendor's lien was retained to secure purchase-money note,

a subsequent purchaser was chargeable with notice of the lien.

6. LIS PENDENS ⊚⟶13 — VENDOR AND PUR-CHASER ⊚⟶265(2)—LIS PENDENS NOT NECES-SARY TO PRESERVE RIGHTS AGAINST PURCHAS-ERS WITH NOTICE; PURCHASER OF LAND SUB-JECT TO VENDOR'S LIEN NOT AFFECTED BY FAILURE TO FILE LIS PENDENS.

Rev. St. 1911, art. 6840, as to lis pendens notice, does not deal with the rights of persons with either actual or constructive notice of equities, and filing notice is unnecessary as against a subsequent purchaser or incumbrancer with actual or constructive notice; so that, where a purchaser of land had notice of vendor's lien thereon, the right to foreclose such lien against such purchaser in suit to revive a prior judgment on the vendor's lien note for the purpose of foreclosing the lien was not affected by the fact that, in the suit in which the judgment was recovered, no lis pendens notice was filed in the county where the land was situated.

7. VENDOR AND PURCHASER ⊚⟶265(2)—EFFECT OF STATUTE AS TO VENDOR'S LIEN LIMITA-TIONS AS TO PURCHASE WITH KNOWLEDGE OF LIEN.

Under Rev. St. 1911, art. 5694, as to 4-year limitation on vendor's lien, and article 5695, as to extending payment of vendor's lien note and recording the evidence thereof, and providing that the owners of a vendor's lien note, executed subsequently to July 14, 1905, shall have 4 years after the act takes effect, which was July 1, 1913, within which to enforce their vendor's lien, purchaser in 1916 of a lot against which there was, as shown by the deed records, a vendor's lien for the purchase-money debt, evidenced by a note due in 1910, could not be an innocent purchaser as to such lien, since, under article 5695, it was enforceable until July, 1917; it being immaterial that such purchaser had no notice that the note and lien had, prior to such purchase, been merged in a judgment, to which the 10 years' statute applies, and that suit was not brought on such judgment and to foreclose the vendor's lien as incident thereto, until 1919, as bringing suit dispensed with necessity of extending the note under article 5595.

8. ADVERSE POSSESSION ⊚⟶73 — THREE-YEAR STATUTE DOES NOT APPLY IN FAVOR OF PUR-CHASER AGAINST OWNER OF VENDOR'S LIEN NOTE FORECLOSING LIEN.

The 3-year statute of limitations of peaceable and adverse possession under title or color of title from and under the sovereignty of the soil does not apply in favor of purchasers of land in suit by owner of vendor's lien to foreclose the lien on the land.

9. ADVERSE POSSESSION ⊚⟶63(7)—PURCHAS-ER'S POSSESSION WITH KNOWLEDGE OF VEN-DOR'S LIEN NOTE NOT BECOMING ADVERSE.

Where purchasers went into possession with knowledge of purchase-money note and lien securing it, and that it must be paid, and held in privity with the vendor through deeds down to themselves, their possession was not inconsistent with the rights of the vendor or the holder of the note.

Appeal from District Court, Hale County; R. C. Joiner, Judge.

Action by L. A. Knight against Mrs. Annie Ater, A. B. Ater, and others. From judgment for plaintiff the named defendants appeal. Affirmed.

M. Fulton, of Lubbock, for appellants.
Williams & Martin, of Plainview, for appellee.

HUFF, C. J. The appellee, Knight, sued W. D. Kincannon, Bascom Howard, Jim Robinson, Jr., Annie Ater, and A. B. Ater, in the district court of Hale county, alleging that on the 15th day of January, 1913, he recovered judgment against W. D. Kincannon and Bascom Howard, jointly and severally for $660.10, with interest thereon from date at the rate of 8 per cent. per annum, and costs of suit against said parties, and also against Jim Robinson, Jr., for a foreclosure of the vendor's lien as it existed on the 6th day of September, 1909, against lot 11, block 106, situated in the town of Lubbock; that the judgment directed that an order of sale issue to sell said lot to satisfy the judgment. That no execution or order of sale was ever issued, and the judgment is dormant, but wholly unsatisfied, and is valid against the defendants and all parties claiming under them; that the Aters, husband and wife, are setting up some claim or title to the lot, which claim is subsequent and inferior to plaintiff's claim, lien and judgment. He prayed for judgment for the amount of the judgment sued on, interest, and for the costs of the former suit, and that the judgment be revived for a foreclosure of the lien, and that the property be ordered sold and for costs and general relief. The petition in this case was filed June 14, 1919. All the defendants, except Annie and A. B. Ater, defaulted, and they answer in effect that they purchased the lot in good faith, without notice of the lien and judgment, on the 2d day of March, 1916, from Bascom Howard, and that the cause of action, if any, is barred by the 4-year statute of limitation, and bars the right to enforce the lien; the original judgment having been entered January 15, 1913. They also pleaded the 3-year statute of limitation of peaceable and adverse possession of the lot under title or color of title from and under the sovereignty of the soil. They also allege that the judgment was not recorded in Lubbock county, nor an abstract thereof made and recorded therein, as required by the statutes, nor was notice by lis pendens filed in said county. The other portions of the answer set up improvements in good faith, etc., but under the issues on this appeal not necessary to further notice. The appellee filed a supplemental petition,

setting up that Knight sold the lot in question to Kincannon, who, as part consideration for the lot, executed a note for $500, secured by the vendor's lien, and that the suit declared on No. 922 was a suit on that note, and the vendor's lien retained in the deed and note. The appellee, Knight, introduced in evidence the judgment rendered in cause No. 922, L. A. Knight v. W. Kincannon and Others, dated the 15th day of January, 1913, and which judgment is substantially as alleged in his petition foreclosing the vendor's lien on the lot as it existed September 6, 1909, directing the issuance of an order of sale, and in other respects is in the usual form of foreclosure judgments. The deed to Mrs. Ater is dated March 2, 1916, and is from Bascom Howard to her. Ater and his wife both testify substantially that they had no knowledge of the judgment when they purchased the lot or when they paid the consideration, $100, therefor. Ater acted for his wife in buying the land. He himself examined the abstract furnished him when they bought, and testifies that the abstract showed two vendor's lien notes for $500 each against the lot, and further testifies:

"I was convinced that one of the notes had been paid, leaving only one. My reason for saying and the way I know or was convinced that one of the vendor's lien notes had been paid, I was told or saw documents in writing, or something to that effect, showing they had been paid. The record shows the other note had not been paid, and I was so informed, but by whom I do not remember, and the abstract showed it. I did not say that I expected I would have to pay that $500 note at the time the land was purchased. I said it might have to be paid, possibly some day or other, but I did not know that it had been sued on and merged in the judgment at that time."

An abstract of title was introduced, showing title down to L. A. Knight by mesne conveyances, and a deed dated September 6, 1909, and filed for record October 11, 1909, from Knight to Kincannon to the lot, and for the recited consideration of $1,500, cash $500, "and $1,000 to be paid in 6 and 12 months, to secure which the said Kincannon executed [two notes] each for $500, maturing 6 and 12 months, respectively, bearing interest at the rate of 8 per cent. per annum, providing for the usual 10 per cent. attorney's fees, and for maturity of both notes in the event of default of first note," the deed retaining a vendor's lien to secure payment of the notes. The parties on the trial entered the following:

"It is agreed that the judgment above set out was based on the note described in this deed."

Kincannon, October 9, 1909, conveyed to Jim Robinson, Jr.; Robinson November 16, 1910, conveyed to Harper, who assumed payment of one note for $500, payable to Knight, reciting that the other $500 note had been paid. Harper, on October 17, 1911, conveyed to Howard, who assumed the $500 note above mentioned, and March 2, 1916, Howard conveyed to Mrs. Annie Ater for a consideration of $100. This record shows that the judgment sued on was not recorded in Lubbock county, nor an abstract thereof filed and recorded in that county, nor was there filed lis pendens notice. The trial court rendered judgment against Kincannon and Howard by default for the amount of the judgment sued on, principal and interest, and for the costs in the former suit, decreeing a vendor's lien on the lot for the amount found due, and foreclosing the lien against all parties to the action, directing therein the issuance of an order of sale and for sale thereunder in the usual form. Ater and his wife excepted and appealed therefrom.

[1-4] The appellant, by assignment, assails the judgment sought to be revived because the evidence shows the note was barred by the 4-year statute of limitation. This is a suit on a judgment, and not on a note. The limitation provided for in Rev. St. 1911, art. 5694, we do not think applies to this action. This article applies to vendor's lien notes, evidencing indebtedness due for the purchase money, and not to a judgment based upon such indebtedness. Article 5696 provides that a judgment may be revived by scire facias or by action of debt thereon within 10 years after its date. The judgment upon which this action is based was dormant, and a revival was sought, but it was nevertheless a debt. While the technical judgment upon scire facias to revive is ordinarily that execution issue, yet as the judgment was a debt the proceeding to revive is nothing more or less than a suit for debt. Coleman v. Zapp, 105 Tex. 497, 151 S. W. 1040; Slaughter v. Owens, 60 Tex. 668; Collin County, etc., v. Hughes, 154 S. W. 1181. The debt evidenced by the note was merged in the judgment—a higher form of evidence than the note. The lien is but an incident to the debt when, as in this instance, the vendor treats the contract as executed and seeks a foreclosure of the lien. The lien follows the debt in whatever form it may be evidenced, unless released or waived. Flanagan v. Cushman, 48 Tex. 245; Irvin v. Garner, 50 Tex. 48. It has been expressly held by the Supreme Court, where the maker of a note secured by a vendor's lien had been sued within the period of limitation and a personal judgment obtained, and subsequently limitation would have barred the note, but not the judgment, a proceeding commenced to revive the same and enforce the vendor's lien as against a purchaser from the original vendee of the land for which the note was given, that the judgment will keep alive the debt and preserve the vendor's lien. Slaughter v. Owens, supra;

Beck v. Tarrant, 61 Tex. 402; Anderson v. Boyd, 64 Tex. 108; Darrow v. Summerhill, 24 Tex. Civ. App. 208, 58 S. W. 158. It is our view that the rule so established by the court is not affected by the passage of the act which requires a vendor, desiring to rescind or to sue on a vendor's lien note, to foreclose or recover the land, within 4 years after the maturity of the note.

[5, 6] It is also asserted by appellant that the court was in error in establishing and foreclosing the vendor's lien as to the appellants, for the reason that Mrs. Ater purchased without notice of the judgment, there being no lis pendens notice filed in Lubbock county in the suit of Knight v. Kincannon, No. 922, pending in Hale county. The deed executed by Knight to Kincannon was duly recorded, and recited the vendor's lien was retained to secure the note upon which the judgment was obtained, and said deed was in appellants' chain of title. The reservation of the lien on the lot for the payment of the purchase money charged the appellant with notice of the lien. Roosevelt v. Davis, 49 Tex. 463; Lindley v. Nunn, 17 Tex. Civ. App. 70, 42 S. W. 310; Powers v. Smith, 29 S. W. 416; Crews v. Taylor, 56 Tex. 461. Mrs. Ater testified her husband was acting for her in the purchase of the lot, and he testified he knew the vendor's lien note was outstanding and unpaid, and that it was probable that it would have to be paid. The appellants had not only constructive notice, but actual notice, of the indebtedness for the unpaid purchase money. The original action brought by Knight did not create the vendor's lien but was instituted to enforce a lien created by contract, the existence of which the records of Lubbock county afforded constructive notice. Article 6840 declares that the recording on the lis pendens record "shall not be deemed constructive notice, but merely a memorandum that shall refer all intending purchasers and incumbrancers to an examination of the court records and pleadings to determine whether there is in fact a lis pendens concerning the real estate." Mason v. Olds, 198 S. W. 1040(7). Lis pendens operates only to those matters that are involved in the suit. Rosborough v. Cook, 108 Tex. 364, 194 S. W. 131. It will be observed the statute with reference to recording lis pendens has not modified the common-law rule with reference thereto, except for the purpose of notice; that is, that the notice be filed in the records of the county where the land is situated. The object of lis pendens at common law is not primarily notice, but to hold the subject of the suit, the res, within the power of the court, so as to enable it to pronounce judgment upon it. It will thus be clear that the statute did not at all deal with the rights of persons who had notice, either actual or constructive, of the equities which would bind or charge their rights. We do not understand it to be necessary to file notice where the subsequent purchaser or incumbrancer has actual or constructive notice, or where they are not bona fide purchasers, or incumbrancers. If the notice had been recorded, its effect would have been to refer Mrs. Ater to the pending proceedings, and there she would have found that Knight owned the vendor's lien note against the lot which was undischarged. She would have obtained there the knowledge the records of the deeds gave her and the actual knowledge she had of the outstanding unpaid note. The mere fact that notice was not given by lis pendens would not defeat the notice she had by record otherwise or in fact. In other words, the failure to file notice for record did not render the lien, of which she had notice, void. It would have been void only as to subsequent purchasers or incumbrancers without notice. Brown v. Cohn, 95 Wis. 90, 69 N. W. 71, 60 Am. St. Rep. 83; Wood v. Price, 79 N. J. Eq. 620, 81 Atl. 983, 38 L. R. A. (N. S.) 772, Ann. Cas. 1913A, 1210; Neville v. Miller, 171 S. W. 1113.

[7] It appears to be the appellants' contention, as there was nothing on record showing an extension of the note by agreement, that they should therefore be held purchasers without notice; as to them the note and vendor's lien was void, under an act of the Legislature of 1913 (Laws 1913, c. 123, Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693-5695). This act took effect July 1, 1913. The appellant purchased the lot March 2, 1916. The note sued on, as shown by the deed records, at the time appellant bought, was due September 6, 1910. This note was executed after July 14, 1905, section 3 of the act, amending article 5695, requires extension of notes to be signed and acknowledged for record. Article 5694 stipulates, if suit is not brought to foreclose vendor's lien within 4 years from the date of maturity, "or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such note, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon." And the lien shall cease to exist 4 years after the note has matured, provided it may be extended as provided in article 5695. That article provides the method of extending payment of the note and for recording the evidence thereof, and has a proviso clause to the effect that the owners of a vendor's lien note, executed subsequent to July 14, 1905, "shall have four years after the act takes effect within which they may bring suit to enforce the lien securing them," if they were not barred when the act takes effect. The note in ques-

tion was not barred when the act took effect, but had a year to run. Under the act, as we interpret it, after July 1, 1913, the owner of the note had 4 years to sue on the note, which would have rendered the note a valid obligation until July, 1917, so when appellant purchased the land the note under the term of the act in question was a valid and subsisting and enforceable obligation, of which appellant had notice, both actual and constructive, and could not be an innocent purchaser of the lot. The fact that they had no notice of the suit or judgment we do not think affects the appellee's right to foreclose. At the time this suit was brought, and in fact before the appellant purchased the land, the note and lien had been merged in the judgment, to which the ten-year statute applies. The articles of the statute just referred to would seem to indicate that when suit is brought such action will dispense with the extension provided for under the statute, and that the rules of law with reference to the running of the statute will not otherwise be affected.

[8, 9] The appellants also insist that they have title to the land under the 3-year statute of limitation as against the owner of the note. If the 3-year statute applied in this character of suit, which we think it does not, the appellants do not show adverse possession to such owner. On the contrary, the evidence shows they went into possession with the knowledge of the note and the lien, and that in time it must be paid. They were holding in privity with the appellee, Knight, through the deeds down to themselves. Their possession, therefore, was not inconsistent with the rights of the vendor of the lot or the holder of the note. Hardy v. Wright, 168 S. W. 462. It is not shown that appellants, at any time, gave notice that they were holding adverse to the vendor after they went into possession of the lot and his rights under the vendor's lien.

The judgment will be affirmed.

BOYCE, J., disqualified.