## SHEPARD et al. v. E. L. RICE & CO. (No. 2970.)

Court of Civil Appeals of Texas. Amarillo.
Feb. 15, 1928.

Rehearing Denied March 21, 1928.

I. Sales ⬤➩355(1)—Evidence attacking consideration for written sales contract was inadmissible, in absence of plea of failure of consideration.

In seller's action on written contract or order for purchase of merchandise executed by buyers which with receipt also executed by buyers was introduced in.evidence, evidence attacking consideration for contract was inadmissible, in absence of sworn plea of failure or partial failure of consideration.or any such plea.

2. Sales ⬤➩50—Buyers retaining part of goods held not in position to allege fraud as defense to seller's suit on sales contract.

Where buyers retained showcase, which they offered to pay for at contract price, and tendered back only part of goods, they could not allege seller's fraud and thereby invalidate contract.

Appeal from Lubbock County Court; Charles Nordyke, Judge.

Suit by E. L. Rice & Co. against F. G. Shepard and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Ratliff & Peticolas, of Lubbock, for appellants.

L. A. Howard, of Lubbock, for appellee.

RANDOLPH, J. This suit was filed by appellee in the county court of Lubbock county, against the appellants, upon a contract in writing, whereby appellants purchased certain goods, wares, and merchandise from appellee. On the trial of the case, the court instructed the jury to return a verdict for the plaintiff appellee and judgment was entered upon such verdict as returned.

As stated above, the plaintiff's suit was based on a written contract or order for the purchase of merchandise, signed by the defendants. The defendants' filed answer consisting of general demurrer, general denial, and special plea, which special plea alleged that the contract sued on was obtained by the fraudulent representations of plaintiff's agent or salesman, whereby defendants were induced to enter into the contract; such representations being "that he (the agent) would make a special selection of jewelry for the defendants under this contract so that the sizes of the jewelry named in the contract would not correspond with the sizes of the samples shown to the defendants, but would be jewelry of smaller sizes and of a more marketable quality. He further represented, in substance, to the defendants that he had sold but one like bill of jewelry in Lubbock, and that he would not sell any more jewelry to merchants in Lubbock, other than the bill to be sold to the defendants"; alleging falsity of such representations, that they were made for the purpose of inducing defendants to enter into said contract, and were relied on by defendants, etc.

On trial of the case, as stated above, the court instructed the jury to return a verdict for the plaintiff, and then rendered judgment upon such verdict in plaintiff's favor.

[1] The main question requiring discussion in this case is: The plaintiff having introduced the written contract of purchase and the receipt for the goods executed by the defendants, was evidence attacking the consideration of such contract admissible, in the absence, not only of a sworn plea of the failure of consideration, or partial failure of consideration, but also in the total absence of any such plea?

The introduction of the instrument sued on in evidence, together with the acknowledgment of the receipt by defendants of the goods, in the absence of such plea, entitled the plaintiff to a judgment, and the court's action in excluding such evidence and instructing a verdict for the plaintiff was not error. Lindley v. Nunn (Tex. Civ. App.) 42 S. W. 310.

[2] The defendants could not allege fraud, and the invalidating of the contract thereby, and then defend by tendering a part of the goods back to plaintiff, without making tender of all the goods received by them, which were in their possession. In this case, the defendants retained and were using the showcase which they offered to pay for at contract price. Dalton Adding Machine Co. v. Wicks & Co. (Tex. Civ. App.) 283 S. W. 642; J. B. Colt Co. v. Head (Tex. Com. App.) 292 S. W. 198.

There being no reversible error, the trial court's judgment is affirmed.