**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50961
Summary Calendar

FEDERAL DEPOSIT INSURANCE CORPORATION
as Receiver for Ranchlander National Bank,

Plaintiff-Appellee,

VERSUS

ORRIN SHAID, JR.,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas

June 4, 1998

Before REYNALDO G. GARZA, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:

This case comes from a decision of the United States District Court for the Western District of Texas, the Honorable James R. Nowlin, presiding. In this case, the district court granted summary judgment in favor of the Plaintiff-Appellee, the Federal Deposit Insurance Corporation ("the FDIC"), and revived a judgment against the Defendant-Appellant, Orrin Shaid, Jr. ("Shaid"). Shaid timely appealed, and the matter now lies before

this panel.

## Background

On October 9, 1985, the FDIC, as Receiver of the Ranchlander National Bank, recovered a Final Judgment against Shaid in the amount of $5,790,419.83, to bear interest from that date at the rate of 7.87 percent per annum until paid ("the Judgment").[1]  No writ of execution was ever issued against Shaid on the Judgment. The Judgment became dormant for lack of execution ten years later.  *See* TEX.CIV.PRAC. & REM.CODE ANN. §34.001(a)(Vernon 1997). No amount of the Judgment has ever been paid.

On April 15, 1997, the FDIC filed this action to revive the Judgment.  The FDIC cannot execute on the Judgment, unless the Judgment is revived pursuant to TEX.CIV.PRAC. & REM.CODE ANN. §31.006 (Vernon 1997), which states:

> A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.

This statute was amended in 1995, and this amendment will be discussed later.

At the district court level, Shaid claimed that the FDIC's action was barred by the applicable statute of limitations.

---

[1]Judge James R. Nowlin, the judge who presided over the instant case at the district court level, signed the original 1985 Judgment.

2

Shaid also claimed that §31.006 was unconstitutional because the statute provides for the revival of actions barred by the applicable statute of limitations, which would allegedly affect the vested rights of a party to rely on a statute of limitations.

On October 8, 1997, the district court granted summary judgment in favor of the FDIC, stating that Shaid's constitutional argument was irrelevant because §31.006 became effective on September 1, 1995, before the Judgment became dormant. Based on this analysis, the district court held that no vested rights were affected, and that there was no genuine issue of material fact. The district court granted summary judgment in favor of the FDIC and revived the action. Shaid now appeals, and he argues the same claims before this circuit.

## Standard of Review

We review a district court's interpretation of a state statute under the *de novo* standard of review, and we interpret the state statute the way we believe the state Supreme Court would, based on prior precedent, legislation, and relevant commentary. *See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 987-88 (5th Cir. 1992). Similarly, we review a district court's grant of summary judgment under the *de novo* standard of review. *BellSouth Telecommunications, Inc. v. Johnson Bros. Group,* 106 F.3d 119,

3

122 (5th Cir. 1997).

## Analysis

Shaid argues that he had a vested right to claim the statute of limitations as a defense to the FDIC's attempt to revive the Judgment. It is undisputed that the action became dormant on October 10, 1995.[2] However, Shaid argues that the terms of the amended statute state that the prior version of §31.006 was to be applicable until December 1, 1996, despite the fact that the statute itself states that its effective date was September 1, 1995. Shaid argues that, based on this timeline, his rights vested before the statute was truly applicable. Shaid cites various cases stating that once a claim is barred, the right to rely on a statute of limitations is vested, and a statute is unconstitutionally retroactive if it takes away or impairs vested rights acquired under existing law. *See Mann v. Jack Roach Bissonnet, Inc.*, 623 S.W.2d 716, 718 (Tex.Civ.App.--Houston [1st Dist.] 1981, no writ); *McCain v. Yost*, 284 S.W.2d 898, 900 (Tex. 1955); TEX.CONST. Art. I, §16.

The FDIC replies that a plain language reading of the

_____

[2]The district court stated that the action became dormant on October 10, 1995, presumably because October 10 is one day after the end of the ten-year limitation period. The parties, in their briefs, listed October 9 as the date the action became dormant. These differences are immaterial to the outcome of this case, but we deemed them to be worth mentioning. For the purposes of the instant case, we will use the date used by the district court.

4

statute shows that its applicable effective date was September 1, 1995, and therefore, it was in effect before the date a defense based on the statute of limitations would vest for Shaid. The FDIC states that well-established principles of statutory construction require a court to enforce a plain and unambiguous Texas statute according to its terms. *Anderson v. Penix*, 161 S.W.2d 455, 459 (Tex. 1942). According to such a reading, the FDIC argues, Shaid's contentions are contrary to the wording of the statute, and presumably, the intent of the Texas Legislature. The FDIC argues that Shaid's interpretation of the statute is rather strained, and that a straightforward interpretation of the statute shows that the Texas Legislature intended the statute to take effect on September 1, 1995. The FDIC also argues that the wording of the statute shows that the Texas Legislature intended to allow a party to bring an action on or after December 1, 1996, and to allow a party to revive a judgment that had become dormant sometime in the previous two-year period. Based on this analysis, the FDIC argues that the amended statute applies directly to the instant case because the amendment to the statute took effect before the action on the Judgment was dormant, and because this case was filed within the appropriate two-year time-period.

We agree with the FDIC's reasoning on this point. Shaid offers a rather convoluted interpretation of the statute, and

5

this interpretation is particularly troublesome, because the statutes in question were amended to correct certain inconsistencies in the law on this matter. *See Cox v. Nelson*, 223 S.W.2d 84, 86 (Tex.Civ.App.--Texarkana 1949, writ ref'd). While it is true that the Texas Legislature could have enacted a general repealer statute in this case, the fact that it did not do so does not provide comfort for Shaid. The district court was correct in holding that the FDIC filed its case to revive the Judgment within the appropriate time limits, and the operation of the statute prevents Shaid from claiming that he had a vested right to claim the statute of limitations as a defense.

Given that we have stated that Shaid had no vested right to claim the statute of limitations as a defense, we need not address whether or not §31.006 is unconstitutional. Shaid had no vested right to rely upon, so the issue of retroactivity is irrelevant.


## Conclusion

Based on the foregoing, we find no reversible error in the decision of the district court, which granted summary judgment in favor of the FDIC, and revived the action. Therefore, we AFFIRM the decision of the district court.

AFFIRMED.

6