**In re Calvin L. BRINTS and Susan E. Brints, Debtors.**

**Deborah PENNER, Successor to David R. Langston, Trustee for Brints Cotton Marketing, Inc., Plaintiff,**

v.

**Calvin L. BRINTS and Susan E. Brints, Defendants.**

**Bankruptcy No. 584–50256–7. Adversary No. 585–5010.**

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

Nov. 12, 1998.

Deborah J. Penner, Lubbock, TX, Chapter 7 Trustee.

Sam Gregory, Lubbock, TX, for Debtors.

## MEMORANDUM OF OPINION ON REVIVAL OF JUDGMENT

JOHN C. AKARD, Bankruptcy Judge.

Deborah Penner, the successor to David R. Langston, Trustee–in–Bankruptcy for Brints Cotton Marketing, Inc., seeks to revive a judgment secured by Mr. Langston, as Trustee, against Calvin L. Brints. The court finds that the judgment has been properly revived.[1]

## FACTS

David R. Langston was the Trustee–in–Bankruptcy for Brints Cotton Marketing, Inc. in Case No. 583–50111–7 in this court. Calvin L. Brints and Susan E. Brints filed for relief under Chapter 7 of the Bankruptcy Code in Case No. 584–50256–7. Another attorney served as Trustee in that case. Mr. Langston, as Trustee, filed Adversary Proceeding No. 585–5010 against Mr. and Mrs. Brints. That matter was resolved by a settlement which was approved by this court in a judgment signed August 25, 1986 and entered on August 26, 1986 in the adversary proceeding. Mr. Langston, as Trustee, received a judgment for $500,000.00 against Mr. Brints. He agreed to forebear execution on that judgment until after January 1, 1988. He filed abstracts of the judgment in the county records of Lubbock County, Texas, but did not secure a writ of execution on the judgment. In 1992, both the corporate and the personal cases were closed.

In April 1997, the corporate case was reopened and Ms. Penner was appointed successor trustee. On August 21, 1998, Ms. Penner filed a motion to reopen the personal case which was done by order of August 24, 1998. On August 24, 1998 at 3:05 p.m., Ms. Penner filed a motion to revive judgment and, at 4:07 p.m., an amended motion to revive judgment. On August 25, 1998 the court signed an Order Reviving Judgment and Authorizing Writ of Execution. The order was entered on August 26, 1998. A writ of execution was issued and returned nulla bona.

Mr. and Mrs. Brints assert that the judgment was not timely and properly revived.

## STATUTES AND RULES

The parties agree that this matter is governed by Federal Rule of Bankruptcy Proce-

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(*l*).

dure 7069 which incorporates Rule 69 of the Federal Rules of Civil Procedure. The latter rule provides that procedures for execution and in aid of judgments shall be "in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." Fed. R.Civ.P. 69(a). The parties also agree that this matter is governed by two provisions of the Texas Civil Practice and Remedies Code. Those sections read, in pertinent part:

### § 34.001. No Execution on Dormant Judgment

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

Tex.Civ.Prac. & Rem.Code Ann. § 34.001 (Vernon 1997).

### § 31.006. Revival of Judgment

A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant.

Tex.Civ.Prac. & Rem.Code Ann. § 31.006 (Vernon 1997).[2]

### DISCUSSION

#### Does § 31.006[3] apply?

■ The first issue is whether the current version of § 31.006 applies to the judgment in question. Prior to its amendment in 1995, that section read:

If execution has not issued within 12 months after the date of the rendition of a judgment in a court of record, the judgment may be revived by *scire facias* or by an action of debt brought not alter than 10

years after the date of the rendition of the judgment.

Tex.Civ.Prac. & Rem.Code Ann. § 31.006 historical note (Vernon 1997) [Act of 1985, 69th Leg., R.S., ch. 438, § 2 1985].

That provision was thought to conflict with § 34.001 (quoted above) which provided that a judgment became dormant if no execution was issued within ten years.

The 1995 act which adopted the amended version of § 31.006 stated:

This Act takes effect September 1, 1995, and applies only to an action to revive a judgment brought on or after December 1, 1996. An action brought before December 1, 1996 is governed by the law in effect at the time the action is brought and that law is continued in effect for that purpose.

*Id.* § 2.

Mr. and Mrs. Brints point to the fact that no execution was ever issued on the judgment; the judgment was announced on August 25, 1986 and, thus, it became dormant on August 25, 1996. They argue that since the judgment became dormant prior to December 1, 1996, it is not capable of being revived under the present version of § 31.006.

The resolution of this issue is governed by a recent opinion of the United States Court of Appeals for the Fifth Circuit, *FDIC v. Shaid,* 142 F.3d 260 (5th Cir.1998). The Fifth Circuit held that the Texas Legislature intended the statute to take effect September 1, 1995, and to allow a party to bring an action on or after December 1, 1996 to revive a judgment that had become dormant sometime in the previous two year period. *Id.* at 262. The judgment against Mr. Brints became dormant on August 25, 1996. The Trustee's motion was filed on August 24, 1998. Consequently, the Trustee's motion was brought just prior to the second anniversary of the date that the judgment became

---

**2.** Federal Rule of Civil Procedure 81(b) provides that writs of *scire facias* are abolished and that the relief theretofore available by a writ of *scire facias* may be obtained by appropriate motion. Rule 81 was not incorporated by reference into the Federal Rules of Bankruptcy Procedure. The Federal Rules of Civil Procedure which were not incorporated into the Federal Rules of Bankrupt-

cy Procedure are apparently not applicable in bankruptcy cases. *See* Fed.R.Bankr.P. 9032.

**3.** References to section numbers are to the Texas Civil Practice & Remedies Code (Vernon 1997) unless otherwise stated.

dormant and, therefore, it was timely under § 31.006.

### Was the Trustee's motion sufficient to revive the judgment?

■ On August 24, 1998 the Trustee filed a Motion to Revive Judgment. At 4:07 p.m. on the same day, she filed an Amended Motion to Revive Judgment. The amended motion described the facts in this matter and mentioned § 34.001(a), and § 31.006. It asked the court to grant the motion by "reviving the above-referenced Judgment and ordering the issuance of a writ of execution on such Judgment...." The Trustee did not seek a writ of *scire facias*.[4] The Trustee did not argue that her motion equated to a writ of *scire facias*.

Mr. and Mrs. Brints point out that the only other way to revive a judgment under § 31.006 is "by an action of debt" and assert that the Trustee's motion does not qualify as an action of debt sufficient to comply with § 31.006. The statute does not define an action of debt and Texas courts have rarely been called upon to determine if a particular proceeding was an action of debt.

■ A new suit based on the original judgment brought against the judgment debtors is an action on debt. *Burge v. Broussard,* 258 S.W. 502 (Tex.Civ.App.—Beaumont 1924, writ ref'd.); *Koenig v. Marti,* 103 S.W.2d 1023, (Tex.Civ.App.—Fort Worth 1937, writ dism'd.). In *Churchill v. Russey,* 692 S.W.2d 596 (Tex.App.—Fort Worth 1985, no writ), Russey secured a judgment in 1970. He abstracted the judgment but did not have a writ of execution issued. In 1979 he filed a separate suit to foreclose the lien created by the abstract of judgment. The court held that the suit was an action for debt sufficient to revive the judgment.

The most instructive case is *Ater v. Knight,* 218 S.W. 648 (Tex.Civ.App.—Amarillo 1920, writ ref'd.). In 1913 Knight secured a judgment in the District Court of Hale

County, Texas foreclosing his vendor's lien on property "situated in the town of Lubbock." *Id.* at 649. The judgment directed that an order of sale issue to sell the property to satisfy the judgment. No execution or order of sale was ever issued. Under the statutes as they then existed, the judgment became dormant. Ater subsequently acquired the property in question. In 1919 Knight filed suit requesting that the judgment be revived and that the property be ordered sold to satisfy the judgment. The court said:

> **The judgment upon which this action is based was dormant, and a revival was sought, but it was nevertheless a debt. While the technical judgment upon scire facias to revive is ordinarily that execution issue, yet as the judgment was a debt the proceeding to revive is nothing more or less than a suit for debt.**

*Id.* at 650 (citations omitted).

### CONCLUSION

The Ater Court stated that a suit to revive a dormant judgment is "a suit for debt." This court can find no distinction between "a suit for debt" and "an action of debt" mentioned in § 31.006. In matters of this type, the federal courts are obligated to follow state law and it is clear that the Trustee's Amended Motion to Revive Judgment satisfies the "action of debt" requirement of § 31.006. Mr. and Mrs. Brints' action was in the nature of a motion for rehearing with respect to this court's August 25, 1998 Order Reviving Judgment and Authority Writ of Execution. The rehearing will be denied.

ORDER ACCORDINGLY.[5]

---

4. *Scire facias* is the Latin term for a "judicial writ founded upon some matter of record, such as a judgment ... and requiring the person against whom it is brought to show cause why the party bringing it should not have advantage of such record ... The most common application of this writ is as a process to revive a

judgment, after the lapse of a certain time, or otherwise to have execution of the judgment." Black's Law Dictionary 1208 (5th ed.1979).

5. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Fed R.Bankr P. 7052 which is made applicable to

Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.