JAMES CAMPBELL, impleaded with John T. Gould, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

A record should show the *scire facias,* not by recital, but by giving a copy of it; or the judgment upon it will be reversed. It is the duty of the district attorney to see to the regularity of such proceedings.

THIS was a proceeding by *scire facias* to recover judgment against bail, in a criminal case in the Recorder's Court of the city of Chicago.

On April 19, A. D. 1855, the grand jury presented an indictment against the said John T. Gould, for the crime of larceny.

April 24, 1855, the said John T. Gould procured said cause to be continued until the next ensuing term of the said court.

On the 26th day of April, 1856, the following recognizance was entered in and before the said court by the said Gould and Campbell:

"This day in open court, John T. Gould as principal, and James Campbell, as security, severally acknowledge themselves to owe and be indebted unto the People of the State of Illinois, in the penal sum of one thousand dollars, to be levied of their good and chattels, lands and tenements respectively.

"Yet, to be void upon the condition, that the said John T. Gould personally be and appear before the Recorder's Court of the city of Chicago, now in session at the court house, in said city, on the first day of the next term thereof, to answer unto the People of the State of Illinois, on an indictment for larceny therein pending against him, and shall abide the order of said court, and not depart the same without leave; otherwise to be and remain in full force and effect."

June 13, 1855, the following order was entered, to wit:

"This day come the said People, by Daniel McIlroy, State's

Attorney, and the said defendant, being three times solemnly called, comes not, nor any one for him, but herein fails and makes default. And now James Campbell, security of the said defendant, being three times solemnly called, and forthwith demanded to produce the body of the said defendant in court, but failing herein,

"It is ordered by the court, that the default of the said defendant, and his security be entered of record, and that the said recognizance be taken and declared as forfeited, and that a *scire facias* issue, returnable *instanter*, requiring the said defendant and his security then and there to appear, and show cause why the said People should not have execution of the said recognizance, according to the force and effect thereof.

"It is further ordered by the court, that a capias issue for the bodies of the said defendant, and his security, returnable instanter."

No *scire facias* appears of record to have been issued upon the recognizance aforesaid.

March 22, 1856, a judgment was entered in said cause against Campbell.

The errors assigned are :

1. That the said Recorder's Court erred in rendering a judgment upon the forfeiture of the recognizance aforesaid, without issuing a *scire facias* upon said recognizance, and having the same returned in due form of law.

2. The said Recorder's Court erred in rendering judgment against the said plaintiff in error, when there was no service of the *scire facias* against him, the said plaintiff in error.

3. That the said Recorder's Court erred in rendering judgment in favor of the said defendants in error, when, by the law of the land, the said judgment ought to have been rendered in favor of the said plaintiff in error.

R. S. BLACKWELL, for Plaintiff in Error.

W. BUSHNELL, District Attorney, for the People.

BREESE, J. We have searched the record in this cause in vain to find the writ of *scire facias*, but discover none. Under such circumstances we can no more sustain the judgment in this case, than we could in a case where no declaration appears in the record. The office of a *scire facias* is both that of narr. and process, and the record should show, not by recital, but by its appearing in the record, that the writ was actually issued, giving a copy of it. The record furnishes no such evidence, and the judgment must be reversed.

We cannot avoid remarking here upon the apparent negligence of the State's attorney in taking a judgment under such circumstances. On discovering the defect, which he should have done, he should have moved for a continuance for the purpose of having the lost record supplied and then have brought up the amended record by *certiorari*. It is possible this may yet be done and a good judgment rendered in the Recorder's Court.

*Judgment reversed.*