The First National Bank of Chicago (Assignee of Foreman State National Bank), Appellee, v. C. C. Craig, Appellant.

Gen. No. 9,592.

Opinion filed February 7, 1941.

R. CRAIG MILLER, of Galesburg, for appellant.

WALLACE THOMPSON, of Galesburg, and ROBERT P. PERKAUS, of Chicago, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On December 26, 1939, the appellee, the First National Bank of Chicago, a banking corporation (assignee of Foreman State National Bank,) filed its affidavit in the circuit court of Knox county, Illinois, for a writ of scire facias against C. C. Craig to revive a judgment that the Foreman State National Bank had procured against C. C. Craig on the 14th day of April, A.D. 1931. The affidavit signed by Wallace Thompson, the attorney for the bank, states that the Foreman State National Bank, for a valuable consideration, transferred and assigned the judgment in question, to the First National Bank of Chicago; that this judgment has not been paid, and that the First National Bank of Chicago is now the owner of the said judgment. The last paragraph of the affidavit is as follows: "Affiant further says that a writ of scire facias against the said C. C. Craig should be issued to revive the said judgment, so rendered against him, said writ to be directed to the Sheriff of Knox County to execute and return on the Third Monday of January, A.D. 1940."

Instead of the clerk issuing a writ of scire facias to revive the judgment, he issued a summons, which is the ordinary summons used in common-law actions, directing the said C. C. Craig to make answer to the complaint in the above-entitled cause. This summons was served on C. C. Craig and proper return made by the sheriff. C. C. Craig entered his appearance in said proceeding, but later, by consent of the court, withdrew his entry of appearance. The defendant, C. C. Craig, failed to file an answer or other pleading in said matter, and on the 9th day of February 1940, a default was entered against him and the court entered an order reviving the judgment, both for principal and interest, due on the judgment to date. It is from this judgment that the appeal is prosecuted.

The appellant contends that the judgment must be reversed because it is not in proper form; that the

court erred in including interest in the new judgment, and that the order of the court should have been just a revival of the original judgment. The appellee, in its printed brief, says: "Plaintiff concedes it is not entitled to a new judgment, or a judgment including accrued interest on the old judgment, but is only entitled to a judgment of revivor." They contend, however, that the judgment is good and, that part which includes the interest, can be treated as surplusage, and ask that this court strike certain parts of the judgment. As to whether the judgment is defective, we do not decide, as the case must be reversed for other reasons.

Section 55 of the Civil Practice Act, Smith-Hurd's Ill. Ann. Stats. [Jones Ill. Stats. Ann. 104.055] provides as follows: "SCIRE FACIAS NO LONGER NECESSARY. It shall not be necessary to use a writ of scire facias, but any relief which heretofore might have been obtained by scire facias, may be had by employing an ordinary civil action at law." It is insisted by the appellee that they have followed the new statute, and that the issuance of the summons, the filing of the affidavit and service thereon of the defendant, were in compliance with the statute. With this contention we cannot agree. Under the old law, in a suit to revive a judgment by scire facias, the plaintiff was required to file his petition or affidavit stating the facts, and file a request to the clerk to issue a writ of scire facias to the defendant. The writ of scire facias itself, must set forth all of the facts on which plaintiff's right of action is based, and when it is in its proper form, serves as a declaration in the suit, and it is to this writ that the defendant is required to plead. In an early case of *Campbell v. People,* 22 Ill. 234, the Supreme Court through Judge BREESE says: "We have searched the record in this cause in vain to find the writ of *scire facias,* but discover none. Under such circumstances we can no more sustain the judgment in this case, than we could in a case where no declaration appears in the

record. The office of a *scire facias* is both that of narr. and process, and the record should show, not by recital, but by its appearing in the record, that the writ was actually issued, giving a copy of it. The record furnishes no such evidence, and the judgment must be reversed.''

In the case of *Smith v. Stevens,* 133 Ill. 183, on page 192 of the opinion, we find the following: ''In these proceedings no declaration is required, (Practice Act of 1872, sec. 26), the writ taking the place and performing the office of a declaration. It follows that the writ should set forth, at least in substance, every fact upon which the plaintiff's right to have his judgment revived depends. Where a party, by delaying execution, has suffered his judgment to become dormant, a legal presumption against its continued validity is raised, which he must take upon himself the burden of meeting and rebutting. The writ therefore must show not only that he has not had execution of his judgment, but that his damages still remain unpaid, or that his right still subsists. In *McVickar v. Heirs of Ludlow,* 2 Ohio, 246, in discussing the necessary averments of writs of this character, the court say: 'They must, therefore, contain everything that is required to constitute a good declaration; or, in other words, they must set out all the facts that are necessary to show a right in the plaintiff to the relief prayed for.' In that case the court held the writ insufficient because it failed to aver that the plaintiff's judgment was unsatisfied.''

From an examination of these cases, it clearly appears that under the procedure of reviving a judgment by a writ of scire facias, it is necessary to have the writ issued. As there was no writ of scire facias issued in this case, there was nothing which the defendant was required to answer, as in a suit under the old common law, when there was no declaration filed.

Under the statute, the plaintiff had the right to elect in what manner it would proceed to revive its judg-

ment, and if it had elected to follow section 55 of the Practice Act, it could have filed an action at law and had the defendant summoned in, to answer, but it surely would not be contended that unless the plaintiff would file a petition as required by the Practice Act, setting forth the facts on which the suit was based, that a judgment could be taken by the plaintiff against the defendant, because he did not answer the same. The reason is obvious, as there would be nothing of record by which the defendant could take cognizance to intelligently file an answer.

It is our conclusion that the plaintiff having elected to revive his judgment by the old writ of scire facias, must follow strictly that procedure. Having elected to do so, then failing to have the writ of scire facias issued so that the defendant could answer the same, the judgment of the trial court is a nullity. The judgment of the trial court should be and is hereby reversed.

*Judgment reversed.*