THE PEOPLE *ex rel.* Roy C. Holbrook, Petitioner, *vs.* ADELOR J. PETIT, Judge, *et al.* Defendants.

*Opinion filed February 17, 1915.*

1. JUDGMENTS AND DECREES—*judgment exists from the time the court acts.* A judgment exists from the time the court acts, even though the judgment may not have been formally written up by the clerk, as the statutes contemplate that judgments, decrees and orders of the court may not be immediately entered of record, and direct the clerk to enter them before final adjournment of the term or as soon thereafter as practicable.

2. SAME—*judgment need not be formally written up before the execution is issued.* It is not essential to the validity of an execution that the judgment shall have been formally written upon the record of the proceedings of the court before the execution is issued.

3. SAME—*Supreme Court will take judicial notice that record of court proceedings is frequently not written up during the term.* The Supreme Court will take judicial notice that the record of the proceedings of a court is frequently not written up during the term, and it is neither customary nor necessary to await such writing before execution may issue.

4. SAME—*failure of the clerk to write up judgment within a particular time does not invalidate the execution or judgment.* If the entries in the book of the judge's minute clerk, the docket of the clerk and the judgment docket are sufficient memoranda from

which the clerk can formally write up the judgment, or if, without such entries, the judgment was actually rendered, the clerk is authorized to issue an execution, and his failure to write up the judgment within a particular time, although it may subject him to a penalty, does not affect the binding force of the judgment nor invalidate the execution.

5. SAME—*court loses power over its judgments after the lapse of the term.* A judgment is under the control of the court until the lapse of the term at which it is rendered, but after the term the court has no power to change, increase, reduce, vacate, modify or interfere with such judgment, whether the judgment is right or wrong, and even though it has not been formally written up by the clerk.

6. SAME—*clerk may write up judgment after next succeeding term without nunc pro tunc order.* The statute imposing a penalty upon the clerk for failure to write up a judgment by the next succeeding term does not limit the time in which a judgment may be written up, and the clerk may thereafter, without a *nunc pro tunc* order, write up a judgment which it was his duty to record at the time it was rendered; but if the judgment was rendered during the term of a former clerk, an order of the court authorizing the new clerk to enter the judgment would be necessary.

7. SAME—*when constitutional provision with reference to preservation of court proceedings in English language does not apply.* The constitutional provision with reference to the preservation of court proceedings in the English language does not apply to minutes and notes which are no part of the record but are memoranda from which the record is made.

8. SAME—*when mandamus will issue to compel court to expunge an order.* The circuit court is without power to enter an order that a judgment rendered at a previous term shall not be written up, and if such an order is made it is void and a writ of *mandamus* will be granted to expunge the same.

9. SAME—*whether court should vacate judgment for errors of fact cannot be determined by mandamus.* Whether the facts alleged in a motion to vacate a judgment entered at a previous term for errors of fact not appearing in the record are sufficient to require the court to vacate the judgment is a question which can not be determined by the Supreme Court on petition for a writ of *mandamus,* but the jurisdiction of such court can only be exercised by means of a writ of error after the trial court has given judgment on the motion.

ORIGINAL petition for *mandamus.*

MORTON S. CRESSY, THOMAS J. DAWSON, and HELD-MAN, JACOBSON & GRAFF, for petitioner.

FRANK S. RIGHEIMER, for defendant Adelor J. Petit.

JOHN S. MILLER, and HOLDOM, MANIERRE & PRATT, for defendant L. C. Lawton.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the October term, 1914, the petition was filed in this case by leave of the court, praying for a writ of *mandamus* against the defendant, Adelor J. Petit, judge of the circuit court of Cook county, commanding him to expunge a certain order made by him on December 4, 1913, in a case in the said circuit court between Roy C. Holbrook, the petitioner, and L. C. Lawton, who was made a respondent to the petition because of his interest in the subject matter. The repondents having answered, the petitioner demurred to the answers, and the cause has been submitted for decision on the demurrer.

From the pleadings it appears that on June 14, 1913, the petitioner, Roy C. Holbrook, brought a suit in assumpsit in the circuit court of Cook county against the respondent L. C. Lawton and the Dutch Guiana Culture Company. A summons was issued and served on Lawton and a declaration consisting of the common counts was filed. No summons was issued for the Dutch Guiana Culture Company, and at the August term Lawton was defaulted. The petition avers that on October 17, 1913, the plaintiff in the suit before the respondent Adelor J. Petit moved to dismiss the Dutch Guiana Culture Company and an order of dismissal was entered; that thereupon a jury was called, evidence was heard, a verdict for $9500 damages was returned, and judgment was rendered on the verdict against the defendant, Lawton, for $9500, and costs. The following entries appear in connection with these proceedings:

(1)  In the minute book of Judge Petit's minute clerk:

"Jury verd. fg. iss. for pltf. & assess pltfs. das. at $9500.00 & costs."

(2)  In the docket kept by the clerk:

"Petit, Oct. 17, 1913.  Jury verd. fdg. issue for pltf. das. at $9500.00 & costs.  Jdg. on fdg."

(3)  In the judgment docket:

"October 17, 1913.  Lawton, L. C.
ads.
Roy C. Holbrook.

| | | |
|---|---|---|
| Action | Assumpsit | |
| Record | Law | |
| Page | | 289 |
| Amount | $9500." | |

(4)  On the wrapper of the files of the case:

"Petit, Oct. 17, 1913.  Jury verd. fdg. iss. for plts. ass. Pltiffs. das. at $9500.00 & costs.  Judg. on verd."

No record of the judgment had been written by the clerk in the court record prior to December 4, 1913.  An execution issued November 18 was served on Lawton November 20, and on December 4 Lawton made a motion to expunge the entries of the clerk on the wrapper of the case, in the clerk's minute book, in the judgment docket and in the docket kept by the clerk, or, in the alternative, if the court should hold the judgment to be valid, that the judgment of October 17, 1913, for certain alleged errors of fact occurring in the proceedings, be vacated and set aside. Upon the filing of the motion Judge Petit entered an order that the execution in the case be stayed until further notice and that the clerk be ordered to spread of record no further orders in the case until further notice.  It is this order which the petition prays to have expunged.  Subsequent proceedings before Judge Petit are set out in the answer, but they are not material to the decision of the case.

The memoranda set out in the pleadings did not constitute the record of a judgment.  They are no part of the record of the court.  The rendition of a judgment is the act of the court and can ordinarily be proved only by the

record. The judgment exists, however, from the time the court acts, even though the entry of the judgment may not have been formally written by the clerk, and it is not necessary to the validity of an execution that the judgment shall have been formally written upon the record of the proceedings of the court before the execution is issued. (*Weigley* v. *Matson,* 125 Ill. 64.) The statute contemplates that the judgments, decrees and orders of the court may not be immediately entered of record, directs the clerk to enter them before the final adjournment of the term or as soon thereafter as practicable, and provides for the imposition of a fine. for a failure to enter of record any order by or before the next term after it is rendered. (Hurd's Stat. 1913, chap. 25, secs. 14, 15.) We may take judicial notice that the record of the proceedings of the court is frequently not written up during the term, and it is neither customary nor necessary to await such writing before execution may issue.

There is no disagreement as to what occurred before Judge Petit on October 17, 1913. The petition and answer set forth the entries then made without substantial difference. If they constitute a sufficient memorandum from which the clerk could formally write out the judgment pronounced by the court, or even without such entries if the judgment was actually rendered, the clerk was then authorized to issue an execution. It was his duty to enter of record the judgment so rendered, but his failure to do so within any particular time did not make invalid the execution which was valid when issued. The judgment of the court did not cease to be a judgment because the clerk failed to enter it of record. He might be liable to a penalty for his neglect of duty, but the judgment of the court did not lose its binding effect and it was still his duty to enter it of record.

October 17, 1913, was in the September term of the circuit court of Cook county, whose terms begin on the third Monday of each month. Until the expiration of the

term the judgment was still under the control of the court. After the lapse of the term, however, the power of the court over its judgment was gone. It could no longer change, increase, reduce, vacate, modify or interfere with any judgment rendered at a former term. Therefore, assuming that a judgment had been rendered on October 17, 1913, the court had no authority on December 4, 1913, at a subsequent term, to order that the judgment before rendered should not be entered of record. Whether the judgment so rendered was right or wrong, it was the judgment then rendered, and the court was without power to prevent its being entered of record.

Counsel for the respondents insist that on December 4 the time within which the clerk had authority to enter the judgment of record had expired, both the September term, at which the judgment was entered, and the October term, the next succeeding regular term, having elapsed since the judgment. This conclusion is based upon the sections of the statute which have been heretofore referred to, which impose a penalty upon the clerk for a failure to enter any order of record by the next term after it was made. It is assumed that there must be some limitation within which the record must be made, and that the legislature, while extending the time for such purpose to "as soon thereafter as practicable," has limited the practicable time to the next succeeding term by imposing a penalty for a failure to enter any order of record by or before that time. The conclusion does not follow. The penalty for such failure was made to fall upon the clerk by way of a fine, and it was not intended that a heavier penalty should fall upon litigants by the loss of the results of their litigation. There is no such limit of time as counsel urge, upon the authority of the clerk to enter the judgments, decrees and orders made by the court.

It is not necessary that there should be an order for the clerk to enter the judgment *nunc pro tunc*. He needs

no order of the court to make a record of the judgment rendered. If it had been made during the term of a former clerk then he would not be authorized to make the entry without an order of the court, but for an order or judgment which it was his duty to record at the time he needs no further authority.

It is argued that the lapse of the term made necessary the preservation of the proceedings in the English language, and that the entries referred to are not in the English language. The constitutional provision has no reference to such minutes as those in question here, which are no part of the record but were memoranda from which the record may be made. They are such abbreviations as are frequently used by judges and clerks for making minutes of the proceedings as a guide to indicate to the clerk what the judgment of the court was and to enable him to write out the formal judgment. It is not necessary that such minutes should contain all the essentials of a judgment, should consist of English words written out at length, or should be clearly intelligible to every person acquainted with the English language. They are not intended for every person's information but for the information of the officers of that particular court, and it is sufficient if their meaning is apparent to such officers. It is apparent from an inspection of these minutes that they were sufficient to enable the clerk to write out the formal judgment of the court.

The court was without jurisdiction, at a subsequent term, over the judgment and had no power to direct that it should not be written up. Its order to that effect was void, and in such case a writ of *mandamus* will be granted to expunge the order.

In the alternative, if the court should hold the judgment valid, the motion of Lawton set forth a series of facts in regard to his litigation with the petitioner, the service of process and notices upon him, the absence of his counsel,

the character of the petitioner's claim, the nature of Lawton's defense, the alleged failure to observe certain rules of court, and other alleged irregularities in the proceedings which he claims prevented him, without fault or negligence on his part, from availing himself of a valid defense which he had to the petitioner's suit. These facts are set out as constituting error of fact for which, upon motion, (which the statute has substituted for the writ of error *coram nobis*,) the judgment may be vacated. It is insisted by the petitioner that none of the facts alleged are of such a character as would authorize the vacation of the judgment for errors of fact. We cannot at this time consider that question. The circuit court has jurisdiction, under certain circumstances, to entertain and determine a motion to vacate a judgment rendered at a previous term for errors of fact not appearing in the record and not presented to the court on the trial which would have prevented the judgment rendered. That court must decide whether the motion made discloses such error in fact, and its jurisdiction does not depend upon whether it decides that question right or wrong, the one way or the other. Whether the question be simple or complex, the trial court must give judgment in the first instance, and our jurisdiction can be exercised only through the means of a writ of error and not a writ of *mandamus*. Since the court thus has jurisdiction of the motion, it has the power, in the supervision of the use of its process, to stay the execution, making due provision, where necessary, for the preservation of liens.

A writ of *mandamus* will be awarded commanding the respondent, Adelor J. Petit to expunge that part of the order of December 4, 1913, which forbids the clerk to record any further orders in the cause until further notice.

*Writ awarded.*