Elizabeth Williams, Appellant, v. Arthur Fredenhagen, Appellee.

Gen. No. 10,664.

Opinion filed March 26, 1953. Released for publication April 13, 1953.

CARL O. BUE, of Elmhurst, for appellant.

GEORGE H. BUNGE, of Downers Grove, for appellee.

MR. JUSTICE ANDERSON delivered the opinion of the court.

[1] On November 17, 1951 Elizabeth Williams, plaintiff-appellant, filed her affidavit for scire facias against Arthur Fredenhagen, defendant-appellee, to revive a judgment entered November 19, 1931 in a case entitled *Martha Thomas, plaintiff v. Arthur Fredenhagen, defendant,* in the circuit court of Du Page county, Illinois. Proceedings to revive judgments by scire facias are governed by Ill. Rev. Stat., 1951, chap. 83, par. 24b [Jones Ill. Stats. Ann. 107.284(2)]. The statute provides that judgments in courts of record

may be revived by scire facias within twenty years next after the date of such judgment. The clerk of the court, on the date that the affidavit was filed, issued a writ of scire facias which was served on the defendant shortly thereafter. The defendant filed a motion to dismiss the proceedings alleging in substance that the plaintiff had no interest in the judgment as sole heir of Martha Thomas who he claims was the original judgment creditor. Before there was a hearing on this motion, on April 4, 1952, the plaintiff filed a motion asking leave of court to amend her affidavit and the scire facias issued thereon. The motion alleged that the original judgment sought to be revived was entered of record in the name of Elizabeth Williams, plaintiff herein, and was not entered in the name of Martha Thomas. This motion also asked that an amended writ of scire facias be issued retroactive to the date of the filing of the original affidavit and writ. The trial court denied plaintiff's motion to amend and granted defendant's motion to dismiss. Plaintiff has appealed from this order.

■■ Proceedings to revive a judgment by scire facias are wholly statutory. They are ancillary to the original judgment and generally speaking their purpose is to determine whether or not the judgment has been satisfied in whole or in part, so that if it has not been satisfied, the judgment creditor may sue out an execution and preserve the judgment and its lien. (*Bank of Edwardsville v. Raffaelle,* 381 Ill. 486; *Waterbury Nat. Bank v. Reed,* 231 Ill. 246.) The judgment debtor is summoned so that he may answer the proceedings in order to revive the judgment.

■■ It follows that there must be in the first instance a valid judgment. If there is no valid judgment, it cannot be revived; if there is a valid judgment, only the judgment creditor or her privies may revive it. Defendant admits that he is the original debtor, but he

29

contends that Elizabeth Williams, the plaintiff, is a stranger to the judgment and should not be permitted to obtain its revival. The nature and character of this purported judgment must be first determined.

It was stipulated by counsel that the following was a complete transcript of the common-law docket kept by the clerk of the circuit court of Du Page county, Illinois of the proceedings entitled *Martha Thomas, plaintiff v. Arthur Fredenhagen, defendant* and of all entries made therein:

To January Term 1931

Du Page County Circuit Court

Common Law General No. 16008

| Attorneys | Parties | Action |
|---|---|---|
| Carl O. Bue | Martha Thomas <br> v. <br> Arthur <br> Fredenhagen | Trespass On The <br> Case of Promises |

| Judge | Date | Orders of Court |
|---|---|---|
| Fulton <br> Shepherd <br> Newhall <br> Shepherd | Apr. 28, 1931 <br> Oct. 27, 1931 <br> Nov. 3, 1931 <br> Nov. 19, 1931 | Suggestion of death of Martha Thomas and Elizabeth Williams heir at law substituted. Order of default (See Order) Stricken from Trial Call Upon Stipulation Jury waived. Cause submitted to Court. Judgment in sum of $1332.50 and costs. Judgment on findings. |

It was also stipulated that on the same day as the purported judgment was entered, the judgment and execution docket kept by the clerk showed that an execution was issued on the judgment. The docket states under designation of parties "Parties, Martha Thomas, et al. vs. Arthur Fredenhagen." The execution was never returned. It was further stipulated that the judgment entered in the case of *Martha Thomas v. Arthur Fredenhagen* in the circuit court of Du Page county, case number 16008, was the same judgment that is sought to be revived by scire facias in this proceedings.

■ It is apparent from the above that no formal judgment was expanded and entered by the clerk from his minutes in the records of his office. The cases of *People v. Petit,* 266 Ill. 628, *People v. Bristow,* 391 Ill. 101, and *Freeport Motor Casualty Co. v. Tharp,* 406 Ill. 295 are pertinent to the question presented here. These cases all decide that a judgment at law is in effect as soon as it is pronounced by the court and not from the time it is formally entered in the record by the clerk. In the *Petit* case on page 631 of the opinion the trial judge's minute clerk entered the following: "Jury verd. fg. iss. for pltf. & assess pltfs. das. at $9500.00 & costs."

The clerk's docket showed: "Petit, Oct. 17, 1913. Jury verd. fdg. issue for pltf. das. at $9500.00 & costs. Jdg. on fdg."

■ In the same case the court held that the above minutes and memoranda constituted a judgment on October 17, 1913, the date of the minute entry, although the formal judgment was not expanded and entered by the clerk until December 4, 1913. The court further held that the judgment of the court did not cease to be a judgment because the clerk failed to enter it of record. It will be observed that the minutes of JUDGE PETIT entered the verdict of the jury and contained no

31

entry of judgment. The clerk's minutes showed the verdict and further said that there was a judgment on findings. This case is quite similar to the instant case and we believe it to be authority that the minutes kept constituted a valid judgment on the day they were made.

In the *Freeport* case the question as to whether a judgment had been entered was considered and the court states on page 300 of the opinion:

When, then, was this judgment rendered? Although it is clear that the minutes, memoranda, or docket entries made, even by the judge upon his own docket, do not form a part of the official records of the court, yet they do afford a proper means of amending the record and assisting the clerk in accurately making up the record. (*McCormick v. Wheeler, Mellick & Co.*, 36 Ill. 114.)

██ It appears from the above cases that a judgment at law is in effect the day it is announced by the court and that the clerk of the court may expand the minutes and enter the formal judgment from the minutes of the judge or the clerk. The fact that he does not expand the minutes until after the term of court or within thirty days does not affect the validity of the judgment. It is likewise the law that the judgment may not be expanded from the memory of the judge or the clerk but only from the minutes. (*Freeport Motor Casualty Co.* and *People v. Petit, supra.*) If the minutes are sufficient no *nunc pro tunc* order is needed. (*People v. Bristow* and *People v. Petit, supra.*)

█ From an examination of the common-law docket and minutes kept by the clerk, there is no question but what the original suit was filed in the name of Martha Thomas, plaintiff, and against Arthur Fredenhagen, defendant. It is also clear from the minutes that the judgment was entered on November 19, 1931. The minutes are continuous and disclose the sugges-

tion of death of Martha Thomas and that Elizabeth Williams was substituted as party plaintiff. The minutes then state that the jury was waived, the cause was submitted to the court, and the judgment was entered in the sum of $1,332.50 and costs on the findings of the court. The defendant does not contend that the judgment was not entered against him. If the above minutes had been kept by the judge and no minutes had been kept by the clerk, the clerk would have been justified in entering a formal judgment in favor of Elizabeth Williams and against Arthur Fredenhagen on any day after the judgment was announced by the court. The clerk by necessity is required to keep minutes of what transpires in the court so that he may expand them later upon the records. His minutes are sufficient to expand the judgment in favor of Elizabeth Williams for the amount above stated and against the defendant. The fact that he did not expand the judgment is immaterial as it still may be expanded by him at his own initiative or by proper motion. In view of the opinion in the *Petit* case, we believe that the minutes kept by the clerk were sufficient to base an entry of a formal judgment. From them it appears that the court, on November 19, 1931, substituted Elizabeth Williams as party plaintiff, and on a hearing entered a judgment in her favor and against Arthur Fredenhagen for $1,332.50 and costs.

■ In a proceedings to revive a judgment by scire facias the writ stands as a complaint and must set forth the facts upon which the plaintiff's right of action is based, and it is to this writ that the defendant is required to plead. (*First Nat. Bank of Chicago v. Craig,* 308 Ill. App. 377.) The plaintiff admitted that the first writ of scire facias was erroneous. It alleged that Martha Thomas had obtained the judgment sought to be revived and that Elizabeth Williams, her sole heir, asked for a revival of the judgment. Eliza-

33

beth Williams by motion asked the court to be permitted to amend her former affidavit and writ of scire facias and that an alias writ of scire facias be issued. She further alleged that the original judgment was in fact rendered in her favor, that she was in fact the judgment creditor and asked that the judgment be revived and she have execution thereon. The plaintiff contended that the court erroneously refused to allow this motion and that the amendment should relate back to the filing and issuance of the original affidavit and writ of scire facias so as to prevent the bar of the twenty-year statute of limitations.

 It is conceded so far as the question of amendment is concerned that the provisions of section 46 (2) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, par. 170 [1951; Jones Ill. Stats. Ann. 104.046]) apply to scire facias proceedings. This section of the Practice Act provides in substance that the cause of action set up in any amended pleading shall not be barred by lapse of time under any statute limiting the time within which the action may be brought if the time proscribed has not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted in the amended pleading grew out of the same transaction set up in the original pleading, even though the original pleading was defective.

The case of *Metropolitan Trust Co. v. Bowman Dairy Co.*, 369 Ill. 222 involved a death action. The complaint was filed within the statutory one-year period after the death of plaintiff's intestate. The plaintiff sought to amend his complaint after the expiration of the year from date of death. The court held that the amendment was proper and on page 229 of the opinion construed section 46 (2) of the Civil Practice Act as follows:

"Under paragraph 2 of section 39 it was required that the cause of action set up in the amendment not only grew out of the same transaction or occurrence, but that it must be substantially the same as set up in the original pleading. The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. The reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions.

"The amendment in this case qualifies under all the requirements of section 46. Therefore, it relates back to the filing of the declaration and is not barred by the limitation in the Injuries act. The claim that such a construction of section 46 implies an attempted

35

amendment of the Injuries act in violation of section 13 of article 4 of the constitution is without merit. The Injuries act applies to the commencement of a suit and has no application to matters of pleading or procedure thereafter. The trial court correctly allowed the amendment to be filed."

The cause of action permitting the revival of the judgment within twenty years had not expired when the writ of scire facias was issued. The amended pleading grew out of the same transaction as alleged in the first pleading. By the words of the statute it related back to the date of the original scire facias and should have been permitted to be filed. Elizabeth Williams instituted the suit to revive the judgment. The only difference in the original scire facias and. the one not permitted to be filed was that in the first she sued as heir and in the second she sued as owner of the judgment. Finding as we have that she was the original judgment creditor, who obtained a valid judgment against the defendant on November 19, 1931, it appears to us that under the facts the plain meaning of the Civil Practice Act prevented her from losing her suit by limitation. The purpose of this section of the Civil Practice Act is to prevent a party to a suit by inadvertence in the language of a pleading from losing his right of action by limitations between the time the complaint was filed and the time of the amendment. The statute should be construed broadly to carry out its purposes permitting liberal amendments to pleadings. (*In re Estate of Schafer*, 344 Ill. App. 608.)

The defendant lastly contends that the court had some discretion in denying plaintiff's motion for leave to file an amended affidavit and for the issuance of an alias writ of scire facias. This contention is without merit. This discretion is a sound judicial discretion and it cannot be construed so broadly as to

permit the court to deprive a party of his cause of action. Discretion must be such that it will further the ends of justice.

It is our opinion that the trial court erred in not permitting the plaintiff to amend the original affidavit and writ of scire facias and in dismissing the cause of action.

For the above reasons the cause is reversed and remanded with directions authorizing the plaintiff to amend her affidavit and writ of scire facias.

*Reversed and remanded with directions.*