People of the State of Illinois ex rel. Bill J. Slater, Plaintiff-Appellee, v. Louis L. Mason, Defendant-Appellant.

Gen. No. 10,418.

Third District.

May 20, 1963.

Francis R. Wiley, of Decatur, for appellant.

Basil G. Greanias, State's Attorney, of Macon County, of Decatur (Norman J. Fombelle, Assistant State's Attorney, of counsel), for appellee.

CARROLL, J.

This is an appeal from an order of the County Court of Macon County adjudging defendant to be in contempt of court and sentencing him to the county jail for thirty days.

On March 21, 1962, defendant, Louis L. Mason, an attorney at law, was representing James Robert Salmons, who was on trial in the county court of Macon County on a charge of driving an automobile while under the influence of intoxicating liquor. On said date, during the course of the trial, the court declared a mistrial, excused the jury and ordered that defendant be held in contempt of court and sentenced to a term of thirty days in the county jail of Macon County. The contempt order, as the same appears in the record, is as follows:

> "It is ordered by the Court that Louis L. Mason, counsel for defendant, be and is held in contempt of Court and sentenced to a term of thirty days in the County Jail of Macon County, Illinois; that said sentence be suspended on the condition that said Louis L. Mason withdraw as counsel for defendant in this cause; that appeal bond be and is hereby set in the sum of $1,000, to be approved by the Court."

On the following day, March 22, 1962, defendant appeared in court in response to a subpoena served upon him on that date. He was then asked by the court whether or not he had withdrawn as counsel for Salmons. His reply was that he had not and did not intend to do so until the results of his appeal were known. Thereupon the court entered the following order:

> "The Court sentences Louis L. Mason to the County Jail of Macon County, Illinois, for contempt of Court for a term of thirty days. It is ordered by the Court that a mittimus issue directed to the Sheriff of Macon County. See written order on file."

The record further shows notice of appeal on file on said date and appeal bond approved by the court.

It is pertinent to observe that the record shows no proceedings in the Salmons' case in which the defendant took part on March 22, 1962. It thus appears that on said date the court must have been punishing defendant for the contempt of which he was adjudged guilty on March 21, 1963. The notice of appeal recites that defendant will appeal from the order or orders of the court entered March 21, 1962. Praecipe for record was filed April 3, 1962. It directed the clerk to make up an authenticated transcript of all orders entered in said cause as shown by the clerk's docket, including the order finding defendant in contempt of court, of all entries and orders in the judge's docket, including the contempt order, and of all written orders of the court in connection with the contempt order other than those contained in the clerk's and judge's dockets.

The record on appeal was filed in this court on April 17, 1962. It includes no court orders other than those which were entered March 21 and March 22, 1962 respectively. On April 25, 1962, plaintiff filed its motion in this court to dismiss the appeal on the ground that the record indicated there was no final judgment from which an appeal could be taken. We denied that motion on May 1, 1962. On May 9, 1962, plaintiff again filed a motion to dismiss the appeal and included therein an alternative motion in diminution of record, and for leave to supply an essential missing document identified as Exhibit A. On October 2, 1962, we again denied the motion to dismiss the appeal, but allowed the alternative motion and granted plaintiff leave to file Exhibit A. The exhibit was filed October 2, 1962. On October 18, 1962, defendant filed a motion in this court to strike Exhibit A on the grounds that it is not properly authenticated by the clerk of the county court of Macon County as a part of the record on appeal; that it was filed after the

filing of notice of appeal and more than thirty days subsequent to the entry of judgment on March 21, 1962, at which time the trial court lacked jurisdiction to enter any further orders in the case. This motion has been taken with the case.

■ Defendant's motion would appear to present the question which is decisive of this appeal. If Exhibit A is not properly a part of the record on appeal in this cause, then the contempt order must be reversed. Where the contempt has been committed in the presence of the court, evidence is unnecessary and no record is made. However, to protect the rights of the accused, it is necessary for the court to enter a written order setting forth fully and clearly the facts out of which the contempt arose. An order which does not meet such requirement cannot stand. People v. Rongetti, 344 Ill 107, 176 NE 292; People v. Loughran, 2 Ill2d 258, 118 NE2d 310. It appears to be conceded by plaintiff that the order entered in this case either on March 21, 1962 or March 22, 1962, as shown by the record on appeal, is wholly insufficient to show that the court entering the same had authority to do so. Were it otherwise contended, plaintiff would not have sought to file Exhibit A.

Exhibit A, which is entitled "Order for Contempt of Court" consists of ninety typewritten pages. It is dated March 22, 1962, bears the signature of the judge, and was filed with the clerk of the county court of Macon County on April 30, 1962. It appears to represent a partial transcript of the record in the Salmons' trial. Included therein are parts of the voir dire examination of jurors, of the interrogation of certain witnesses with the court's ruling on objections, of extended colloquies between the court and Mason, and descriptions of Mason's conduct during the trial. It concludes with certain findings and an order adjudging Mason to be in contempt of court and sen-

tencing him to jail for sixty days. In view of the conclusion we have reached, any further recital of the matters set forth therein would serve no useful purpose.

The certificate of the clerk appended to Exhibit A is as follows:

> "I, Darrell Foster, County Clerk and Clerk of the County Court of said County, do hereby certify that the annexed is a true and correct carbon copy of the Order for Contempt of Court in the matter of The People of the State of Illinois, versus Louis L. Mason—No. 15130 and that the original order is a part of the files and records in my office, and that I am the custodian of the records and files of said office and the keeper of the seal of the said Court."

It was signed by the judge on March 22, 1962, and according to the clerk's file mark was filed April 30, 1962. The clerk has not certified that it is a copy of any part of the record in the cause on appeal, but recites only that it is a copy of the contempt order in such case, and a part of the files and records in his office. Attached to defendant's motion is an affidavit, which is not challenged, in which it is alleged that on October 17, 1962, the original of said exhibit was in the files in the case of People v. James R. Salmons; and that no entries were made in the clerk's office in said case subsequent to that showing the filing and approval of defendant's appeal bond on March 26, 1962. It is thus apparent that Exhibit A was not written up by the clerk and made a part of the court record. It is also apparent that neither his docket nor that of the judge contained any minutes or memoranda of any judgment pronounced by the court on March 22, 1962. As we have previously pointed out, the record herein shows the judgment

277

holding defendant in contempt was pronounced by the court on March 21, 1962, and the only judicial act performed by the court on March 22, was the fixing of punishment. Exhibit A recites that the court on March 22, 1962 ordered that Louis L. Mason be held in "direct, willful and criminal contempt of this Court." If Exhibit A is properly a part of the record, it is difficult to account for it being in direct conflict with the transcript of the record as certified by the clerk.

It is plaintiff's theory that the trial court did not lose jurisdiction to enter the order identified as Exhibit A after the expiration of thirty days from March 21, 1962, for the reason that it was not a new judgment, but was the clerk's expansion of the court's judgment of March 21 and March 22 into a formal written order and represents a ministerial act performed by the clerk. Such contention must be regarded as somewhat remarkable in view of the fact that on April 25, 1962, or more than thirty days after the clerk performed the reputed ministerial act, plaintiff filed a motion in this court to dismiss the appeal because the record failed to show a final judgment in the case.

██ There can be no doubt as to the authority of the clerk in the exercise of his ministerial duties to write out a judgment subsequent to the expiration of thirty days from the date upon which such judgment was pronounced in open court, provided there is sufficient memoranda in the judge's or clerk's docket upon which to base the same. People v. Petit, 266 Ill 628, 107 NE 830, Wickiser v. Powers, 324 Ill App 130, 57 NE2d 522. Where such sufficient memoranda is available to the clerk, it becomes his ministerial duty to enter the judgment rendered of record. However as we view the record in the instant case, no question with respect to the authority or minis-

278

terial duties of the clerk is involved. The defendant was adjudged guilty of direct contempt. In such a case the contempt is dealt with summarily. No plea or issue is required, and no evidence is heard. On appeal, the only record considered is the contempt order. On March 21, 1962 the trial court summarily adjudged the defendant to be guilty of direct contempt of court. The clerk wrote out the court's judgment on the court record. No further duty with respect to such judgment did or could devolve upon him.

██ Plaintiff, while conceding that the trial court could not enter a new order or change an existing order after the expiration of thirty days from the date defendant was held to be in contempt of court, or after notice of appeal was filed, insists that Exhibit A is not a new order, but is merely the clerk's expansion of the judgment pronounced by the court some thirty-nine days previous. We think such argument overlooks the fact that this record contains no minutes or memoranda from which the clerk could expand for the record the judgment pronounced on either March 21 or March 22, 1962, and that the so-called expansion was not made on the record but was filed with the clerk. Further overlooked is the fact that Exhibit A, which plaintiff asserts represents the ministerial act of the clerk, was signed by Bill J. Slater, Judge, purportedly on March 22, 1962, and was filed on April 30, 1962. If Exhibit A was the result of the ministerial act of the clerk, it did not require the signature of the judge, and would not be in the form of a draft order. It is significant to note that the clerk has not certified that the exhibit is a copy of any part of the record in this cause, but only that it is part of the records and files in his office. The record on appeal appears to emphatically demonstrate that the clerk fully discharged his

279

ministerial duty with respect to the contempt order of March 21, when he entered it of record as of that date. Expansion by the clerk implies the existence of some memorial or minutes which might be expanded. Here it is not suggested by the record that there was available to the clerk any such memoranda to assist him in accurately writing up the record. The rule that the clerk of the court may expand the minutes and enter formal judgment therefrom does not mean that such judgment can be made from the memory of the judge or clerk. It must be made from the minutes. Williams v. Fredenhagen, 350 Ill App 26, 111 NE2d 578. In direct contempt cases the only record proper before a reviewing court is the written order entered by the court. Such order must therefore set forth, accurately and fully, facts within the personal knowledge of the court which show jurisdiction to enter the same.

Numerous authorities are cited by plaintiff in support of its position. Among them are Williams v. Fredenhagen, supra; People v. Bristow, 391 Ill 101, 62 NE2d 545; People v. Petit, supra; People v. Loughran, supra; Wickiser v. Powers, supra; People v. Jarecki, 352 Ill 207, 185 NE 570, and In re Estate of Young, 414 Ill 525, 112 NE2d 113. With the exception of Loughran, these cases are authority only for the proposition of law that a judgment speaks from the time of its pronouncement by the court, and its entry on the record is but a ministerial act performed by the clerk. In Loughran, the court passed upon the sufficiency of a written order in a direct contempt case, but the question as to whether it had been made a part of the record was not involved.

■■ We think it obvious that the filing of Exhibit A on April 30, 1962 was an attempt to substitute an order embodying the essential elements of a direct contempt judgment for the defective order of March

21, 1962, in which such elements are conspicuously absent. Under the circumstances disclosed by the record, it must be held to have failed in its purpose. Regardless of the result sought to be achieved, the filing was a proceeding in the trial court after defendant's appeal had been perfected, and more than thirty days after March 22, 1962. The jurisdiction of this court had then attached, and thereafter, any further proceedings in the lower court were void. Butler v. Palm, 36 Ill App2d 351, 184 NE2d 633.

For the reasons indicated, we are unable to agree with plaintiff's contention that Exhibit A is the expansion of any judgment order entered either on March 21 or March 22, 1962, and therefore properly a part of the record. Accordingly, defendant's motion is allowed.

Defendant has appealed from the judgment orders of March 21 and March 22, 1962. In neither order did the trial court set forth any of the facts out of which the contempt arose. In such situation this court cannot determine whether or not the trial court was authorized to make said orders. Accordingly the judgments of the county court of Mason County are reversed.

Reversed.

REYNOLDS, PJ and ROETH, J, concur.