**Helen TRZCINSKI, Plaintiff–Appellee, Cross–Appellant,**

v.

**AMERICAN CASUALTY CO., Defendant–Appellant, Cross–Appellee.**

**Nos. 89–3544, 89–3584.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 16, 1990.

Decided May 9, 1990.

Marvin Glassman, Rabens, Formusa & Glassman, Chicago, Ill., for plaintiff-appellee, cross-appellant.

James T. Crotty, Zacarias R. Chacon, Scott W. Hoyne, Crotty & Hoyne, Chicago, Ill., for defendant-appellant, cross-appellee.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

PER CURIAM.

After a jury trial in this diversity case, the district court entered on the customary form for judgments in civil cases:

> IT IS ORDERED AND ADJUDGED We, the jury, find for the plaintiff Helen Trzcinski, and against the defendant, American Casualty Company. We assess the damages in the following amounts: $29,478.53 for the building. Enter Judgment on the jury verdict.

This document, ending with the instruction (to whom?) to "enter judgment on the jury verdict", obviously *is* the jury verdict, retyped on a judgment form. It poses questions about finality, for if the plaintiff gets $29,478.53 "for the building", what else might lie in store?

■ This jury was asked to answer three special interrogatories, and the deputy clerk retyped the answers to each on a separate form, entering a total of four Rule 58 judgment forms. The first of these, for example, provides:

> IT IS ORDERED AND ADJUDGED Special Interrogatory No. 1 Was the fire of February 25, 1987 at 11514 Dobson Street, Dolton, Illinois intentionally set by plaintiff, Helen Trzcinski? No.

Despite the profusion of judgment forms, none addresses the defendant's counterclaim or the plaintiff's request for pre-judgment interest. The court took care of the latter on October 27, 1989, with this language on a minute order form, on which the court checked the box "Judgment is entered as follows:"

> Plaintiff's motion for pre judgment interest is denied. All matters now being resolved the court enters a final judgment order.

If this fifth judgment in the case is designed as "the" judgment, it is defective because it omits the terms: who pays how much to whom. See *In re Behrens*, 900 F.2d 97 (7th Cir.1990); *Chaka v. Lane*, 894 F.2d 923 (7th Cir.1990). Moreover, it does nothing about the counterclaim. A pending counterclaim means that the judgment is not final and thus prevents appeal. *In re Berke*, 837 F.2d 293 (7th Cir.1988); *Cleaver v. Elias*, 852 F.2d 266, 267 (7th Cir.1988). We issued an order asking the parties to address the jurisdictional problem. Their joint response contended that the jury's answers to the special interrogatories collectively undermined the foundation for the counterclaim, so it is as good as dead. It also revealed that the $29,478.53 mentioned in the first document was indeed not the total award. On November 21 the district court entered a sixth judgment providing:

> IT IS ORDERED AND ADJUDGED that defendant American Casualty Company's motion to amend the amount of the judgment in this case from $29,478.53 the damages to the building to $54,691.00 which includes damages for the buildings, contents and additional living expenses is granted.

We take this document as not only granting the motion but also ordering American Casualty to pay Trzcinski $54,691.00.

Because none of the six judgments—the four of October 11, the "final judgment order" of October 27, or the amendment of November 21—deals with the counterclaim, this motions panel took under advisement the question whether the appeal should be dismissed for want of jurisdiction. On March 6, 1990, while we were considering the matter, the district court entered an order under Fed.R.Civ.P. 60(a):

> It is the intent of the court that the order of October 27, 1989 as reflected by item number 88 of the dockets is the final judgment in this case. This order entered pursuant to Rule 60(a) FRCivP.

Neither the parties nor the district court called this to our attention.

■ Although the judge undoubtedly meant the order of March 6 to end all doubt about appellate jurisdiction, it unfortunately muddies the waters. Recall that the judgment of October 27 neither sets out the award (that was not to come until November 21) nor deals with the counterclaim. Raw "intent" cannot make final a judgment that omits such essential ingredients. Rule 60(a) provides that "[c]lerical

mistakes in judgments ... arising from oversight or omission may be corrected by the court at any time". The rule authorizes *correction* of errors, not *commentary* on the state of the judge's mind. Rule 60(a) could and should have been used to enter a genuinely final judgment covering all aspects of the case. When a "flaw lies in the translation of the original meaning to the judgment, then Rule 60(a) allows a correction". *United States v. Griffin,* 782 F.2d 1393, 1396 (7th Cir.1986). So if the judge meant to resolve the counterclaim, then Rule 60(a) allows him to amend the judgment to carry out that plan. Rule 60(a) does not contemplate, however, that a judge will say "I meant the judgment to be final"—for finality is a legal conclusion—while leaving intact the source of the problem.

It is apparent that the deputy clerk entered judgment forms in this case without consulting the judge. Rule 58(2) provides that when the jury answers special interrogatories, "the *court* shall promptly approve the form of the judgment, and the clerk shall thereupon enter it." (Emphasis added.) Nothing in the papers suggests that the judge approved the four "judgments" entered after the trial, and their defects are so patent that the judge undoubtedly would have rewritten them to achieve the necessary single judgment resolving all issues. Much travail could have been avoided by compliance with Rule 58(2). We understand that after the entry of these six documents, the Clerk of the Northern District of Illinois has established a new procedure for the drafting and approval of judgments in cases of this sort, and we have high hopes that it will put an end to the difficulties that have bedeviled that court (and hence ours) in recent years.

█ None of the initial four judgments is final or appealable; the three reciting the answers to the interrogatories could have supplied the footing for a judgment but are not themselves judgments, and the fourth has been superseded. The fifth judgment, of October 27, is not final (notwithstanding the order of March 6) because it does not set out who is entitled to what

relief. The sixth judgment, of November 21, specifies the relief yet leaves the counterclaim open. Under *Berke* and similar cases we would have to dismiss the appeal, except for the parties' agreement that after the answers to the special interrogatories the counterclaim is defunct. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), holds that when circumstances make it obvious that nothing remains to be done, and the parties agree that the work of the district court is completed, a notice of appeal is effective despite formal difficulties in the judgment. See also *Rosser v. Chrysler Corp.,* 864 F.2d 1299, 1304–06 (7th Cir.1988); *Coniston Corp. v. Village of Hoffman Estates,* 844 F.2d 461, 463 (7th Cir.1988); *Soo Line R.R. v. Escanaba & Lake Superior R.R.,* 840 F.2d 546, 549 (7th Cir.1988).

We hold that there is appellate jurisdiction. The case will proceed to briefing and decision in the regular course.