**TDK ELECTRONICS CORPORATION,**
Plaintiff,

v.

**Yehuda Jay DRAIMAN, Defendant.**

No. 83 C 7118.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 9, 2002.

Robert D. Kreisman, Chicago, IL, for plaintiff.

Howard M. Turner, Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

LEVIN, United States Magistrate Judge.

#### *PREFACE*

This is a civil case, where the parties consented to proceed before a Magistrate and Magistrate James T. Balog entered certain orders which are the subject of this proceeding.[1] As Magistrate Balog has retired, the undersigned stands in his stead herein.

For the reasons hereinafter stated [2], the motion to grant petition to revive judgment

---

1. These orders are attached hereto as Exhibits A and B.

2. Though not titled as same, the parties positions are, essentially, cross motions for summary judgment.

is denied and the amended petition to revive judgment, accordingly, is denied with prejudice.

### DISCUSSION

Introductorily, "If there is no valid judgment, it cannot be revived." *Williams v. Fredenhagen,* 350 Ill.App. 26, 29, 111 N.E.2d 578, 580 (1953). The parties are in dispute as to who has the burden of proof on the issue of whether a valid judgment does or does not exist. The Court finds, however, that it is not necessary to decide that issue, because, for reasons hereinafter stated, even *arguendo* if Defendant has that burden, based on the record before the Court, the Court determines that no valid judgment can be said to exist herein.

■ First, the December 12, 1985 court approved order relied on by the Plaintiff (which is attached to the December 12, 1985 minute order) does not qualify as a valid judgment. To be valid, a judgment must fully dispose of the case *and* comply with Federal Rule of Procedure 58. *See Paganis v. Blonstein,* 3 F.3d 1067, 1069 (7th Cir.1993); *Reytblatt v. Denton,* 812 F.2d 1042, 1043 (7th Cir.1987). Too, the judgment must be "complete and self contained." *Paganis,* 3 F.3d at 1069. For example, as pointed out in *Reytblatt, supra,* at p. 1043, "See also *Rappaport v. United States,* 557 F.2d 605 (1977) (dismissing an appeal from a minute order that grants a motion for summary judgment but does not explicitly declare the case over)."

■ The above stated requirements were not met by the subject December 12, 1985 order. Critically, this December, 1985 order does not dispose of all the issues in the case and there is no Rule 54(b) finding that the subject order was a final judgment as to the issues contained therein. Specifically, for example, after the subject December, 1985 order was entered, the complaint claims against the Defendant Corporation, the case counterclaim and the prejudgment interest issues were all still left pending. Also, three counts of the complaint applied to the Defendant Draiman (account stated/alter ego, fraudulent misrepresentation and RICO counts). However, this December, 1985 order doesn't express which counts of the complaint against Draiman that the order applies to. Too, the introductory paragraphs of this order refer to a settlement not a judgment and the order also contains extraneous information (e.g., the purpose of "disposing this litigation as a compromise settlement") that judgments cannot contain. See, e.g. *Reytblatt,* 812 F.2d at 1044.

■ As an aside, even assuming *arguendo* that Plaintiff's assertion is correct that a judgment was intended by the subject December, 1985 order, this intent is irrelevant, in light of the above. As stated in *Trzcinski v. American Casualty Co.,* 901 F.2d 1429, 1430 (7th Cir.1990), "Raw 'intent' cannot make final a judgment that omits such essential ingredients." And, "The meaning of a judgment depends on what it says rather than what ... the parties (or judge) intended." *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.,* 68 F.3d 1016, 1021 (7th Cir.1995) (citation omitted).

■ Secondly, the January, 1986 minute order, cited by Plaintiff, is not a judgment. Initially, this order presupposes a judgment in December, 1985, which, as seen, does not exist. Even more importantly, this order doesn't meet the requirement that a judgment be "self contained and complete", "because it omits the terms who pays how much to whom." *Trzcinski,* 901 F.2d at 1430. Also, the other docket entry box (not the judgment box) is checked.

■ Thirdly, the December, 1985 and January, 1986 orders can't be read together to qualify as a judgment, as Plaintiff contends, because this violates the requirement that the judgment be "self contained and complete." See e.g., *American National Bank and Trust Co. of Chicago v. Secretary of HUD,* 946 F.2d 1286, 1289 (7th Cir.1991). A judgment is not self contained and complete where, as here, it "incorporates another document ..." *American National Bank and Trust Co.,* 946 F.2d at 1289. Parenthetically, though the parties' attorneys signed the December, 1985 order, the January, 1986 order contains no such evidence of mutual consent of the parties.

In summary, neither the concerned December order nor the January minute order,

standing alone or combined, satisfy the requirements of a Rule 58 judgment. Among other things, the orders are not self contained and complete, do not meet Rule 58's separate document requirement, were not entered as judgments under Rule 79(a), are identified as "other docket entries" and not as judgments on both the December and January minute orders,[3] improperly incorporate other documents, refer to settlement rather than judgment, contain extraneous reasoning and information, and fail even to mention entry of judgment.

One final note: the Court finds that the Plaintiff's assertion, essentially, that the above recited judgment requirements are solely for the purpose of appealability, is unavailing. See, e.g. *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 n. 7 (7th Cir.1980).

In view of the Court's holding, the Court deems it unnecessary to address Defendant's other arguments.

### CONCLUSION

Accordingly, the motion to grant petition to revive judgment is denied and the amended petition to revive judgment is denied and dismissed with prejudice.

### EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

TDK ELECTRONICS CORPORATION,
Plaintiff,

v.

YEHUDA JAY DRAIMAN,
et al., Defendant.

### NO. 83 C 7118

### THE HONORABLE JAMES T. BALOG, MAGISTRATE

### ORDER

**BY AGREEMENT OF THE PARTIES,** and pursuant to offer of settlement made by the defendant, Yehuda Jay Draiman for the purpose of disposing this litigation as a compromise settlement and not as an admission of any of the allegations made by the plaintiff in these proceedings.

### IT IS HEREBY ORDERED:

1. that the plaintiff TDK Electronics Corporation have and recover of the defendant Yehuda Jay Draiman the sum of $201,353.94 plus costs of suit, plus the expenses incurred by the United States for veniremen assembled for the purposes of selecting a jury for trial.

2. that execution upon said judgment is hereby stayed 20 days from the date hereof.

3. that the United States Marshal for the Northern District of Illinois and the Warden for the Metropolitan Correctional Center be and are hereby authorized and directed to return Yehuda Jay Draiman to the Federal Correctional Institution in Lexington, Kentucky within a reasonable time from the date hereof by commercial aircraft at the expense of the family of Yehuda Jay Draiman in accordance with the understandings of the family of Yehuda Jay Draiman with the United States Marshal; provided further that Yehuda Jay Draiman shall not be required to travel on the Jewish sabbath.

12–12–85

ENTER: /s/ James T. Balog
~~JUDGE~~ US MAGISTRATE

/s/ Robert D. Kreisman
ATTORNEY FOR PLAINTIFF

/s/ Howard M. Turner
ATTORNEY FOR DEFENDANT

HOWARD M. TURNER

ATTORNEY FOR DEFENDANT

300 West Washington Street

Chicago, IL 60606

312/236–3003

---

**3.** This signals more is left in the case. *American National Bank and Trust Co.*, 946 F.2d at 1289.

EXHIBIT B

Minute Order Form
(rev. 2/86)

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| Name of signed Judge | | Sitting Judge if Other Than Assigned Judge | *May Boloy* |
|---|---|---|---|
| Case Number | *83 C 7118* | Date | *Jan. 16, 1986* |
| Case Title | *TDK Electronics Corp. v. Yehuda Jay Droisman* | | |

**MOTION:** (In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3d-party plaintiff, and (b) state briefly the nature of the motion being presented.)

**DOCKET ENTRY:**     (The balance of this form is reserved for notations by court staff.)

(1) ☐ Judgment is entered as follows:      (2) ☒ [Other docket entry:]

*Plt. Motion to amend Judgment of 12-12-85 is granted & Judgment is amended to (2) impose liability for said Judgment Joint & severally upon deft, Electro Video Marketing Corp as well as the individual deft. Yehuda Jay Droisman (b) dismiss the defts Counterclaim It is further ordered this Amendment is made nunc pro tunc as of 12-12-85*

(3) ☐ Filed motion of [use listing in "MOTION" box above].
(4) ☐ Brief in support of motion due _____
(5) ☐ Answer brief to motion due _____ . Reply to answer brief due _____
(6) ☐ Hearing ☐ Ruling on _____ set for _____ at _____
(7) Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(8) Pretrial conference ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(9) Trial ☐ set for ☐ re-set for _____ at _____
(10) ☐ Bench trial ☐ Jury trial ☐ Hearing held and continued to _____ at _____
(11) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) . ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(12) ☐ [For further detail see ☐ order on the reverse of ☐ order attached to the original minute order form.]

| | | | number of notices | 2 | Document # |
|---|---|---|---|---|---|
| | No notices required. | | date typed envelopes | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | 22 JAN 1986 | |
| ☑ | Docketing to mail notices. | | date docketed | | 61 |
| | Mail CIV-31 form. | | | 22 JAN 1986 | |
| | courtroom deputy's initials | | date mld. notices | 22 JAN 1986 | |
| | Date/time received in central Clerk's Office | | *aew* | mailing dpty. initials | |