In the

# United States Court of Appeals
### For the Seventh Circuit

Nos. 02-3922 & 02-4212

TDK ELECTRONICS CORPORATION,

*Plaintiff-Appellant, Petitioner,*

*v.*

YEHUDA JAY DRAIMAN,

*Defendant-Appellee, Respondent.*

Appeal from, and Petition for a Writ of Mandamus to,
the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 83 C 7118—**Ian H. Levin**, *Magistrate Judge.*

SUBMITTED FEBRUARY 7, 2003—DECIDED MARCH 5, 2003

Before EASTERBROOK, EVANS, and WILLIAMS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Seventeen years ago, the parties settled this civil litigation. Yehuda Draiman (then in federal prison following his conviction for fraud, see *United States v. Draiman*, 784 F.2d 248 (7th Cir. 1986)) agreed to pay TDK Electronics $201,353.94 plus costs. Efforts to collect the judgment during the 1980s were unsuccessful. Apparently Draiman is solvent again, but he still has not paid a penny, and TDK initiated a new collection proceeding under Fed. R. Civ. P. 69 (incorporating the law of Illinois, in which the federal court sits).

Illinois permits execution until 20 years after a judgment's entry, but if the judgment is older than seven years it must be "revived" to ensure its continuing validity in the eyes of the rendering court. See 735 ILCS 5/2-1602, 5/12-108, 5/13-218. TDK asked the United States District Court for the Northern District of Illinois to revive the 1985 judgment. Because the parties originally had consented to final decision by a magistrate, see 28 U.S.C. §636(c), this motion likewise went to a magistrate judge—who denied it on the ground that no valid judgment had been entered. 210 F.R.D. 233 (N.D. Ill. 2002). TDK filed a notice of appeal and, to cover all bases, a petition for mandamus as well.

In memoranda filed at our request, the parties agree that the district court's decision is final and appealable under 28 U.S.C. §1291. See *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221 (7th Cir. 1993). It ends the Rule 69 proceeding, the only matter on the docket, and thus finally disposes of the parties' dispute even though the *reason* the magistrate judge refused to revive the judgment is his belief that no final decision had been made in 1985. If the court had reopened the original suit with a view to adjudication on the merits (or a new settlement), then finality would be questionable; but because the magistrate judge made it clear that he has washed his hands of the case, the resolution is as final as it can be. Nothing more ever will happen in the district court. So the appeal is proper, and TDK's petition for mandamus is denied as unnecessary.

The order that TDK wants revived was entered by Magistrate Judge Balog in December 1985. It reads:

> BY AGREEMENT OF THE PARTIES, and pursuant to offer of settlement made by the defendant, Yehuda Jay Draiman for the purpose of disposing this litigation as a compromise settlement and not

as an admission of any of the allegations made by the plaintiff in these proceedings,

IT IS HEREBY ORDERED::

1.  that the plaintiff TDK Electronics Corporation have and recover of the defendant Yehuda Jay Draiman the sum of $201,353.94 plus costs of suit, plus the expenses incurred by the United States for veniremen assembled for the purposes of selecting a jury for trial.

2.  that execution upon said judgment is hereby stayed 20 days from the date hereof.

3.  that the United States Marshal for the Northern District of Illinois and the Warden for the Metropolitan Correctional Center be and are hereby authorized and directed to return Yehuda Jay Draiman to the Federal Correctional Institution in Lexington, Kentucky within a reasonable time from the date hereof by commercial aircraft at the expense of the family of Yehuda Jay Draiman in accordance with the understandings of the family of Yehuda Jay Draiman with the United States Marshal; provided further that Yehuda Jay Draiman shall not be required to travel on the Jewish sabbath.

Although Magistrate Judge Balog obviously thought that this was a final decision, on which TDK could execute (why else the stay in ¶2?), Magistrate Judge Levin concluded in 2002 that the decision is vitiated by its preamble and third paragraph. A judgment should omit reasons and collateral matters and provide only the relief to which the prevailing party is entitled. See, e.g., *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993); *Reytblatt v. Denton*, 812 F.2d 1042, 1043-44 (7th Cir. 1987); Fed. R. Civ. P. 58. Moreover, Magistrate Judge Levin observed, this order was not final because it did not resolve TDK's claim

against a corporation that Draiman controlled, or the defendants' counterclaims. These were wrapped up in January 1986, in a handwritten order:

> Motion to amend Judgment of 12-12-85 is granted & judgment is amended to (a) impose liability for said Judgment Joint & severally upon deft, Electro Video Marketing Corp as well as the individual deft Yehuda Jay Draiman (b) dismiss the defts counterclaim. It is further ordered this amendment is made nunc pro tunc as of 12-12-85

Magistrate Judge Levin concluded that Magistrate Judge Balog had dropped the ball here too, because he did not issue a single judgment incorporating all of the terms. The order of December 1985 was not a final judgment, and the order of January 1986 was not a judgment at all, so TDK has nothing on which it can execute, Magistrate Judge Levin concluded.

The two documents that Magistrate Judge Balog entered unfortunately were not drafted with the requirements of the civil rules in mind. The court should have entered a single, consolidated judgment in the form prescribed by Rules 58 and 79. Yet the shortcomings are entirely formal. The court and the parties treated the case as over; no one asked for anything more of the district court in 1986, and neither Draiman nor his corporation appealed. The defects in these papers are easily fixed. We do not understand why Magistrate Judge Levin closed the books on what was, by his reckoning, a lawsuit that awaited final decision. If instead it is over, then the documentary problems could and should have been repaired. Slips of the judicial pen ought not cost litigants their substantive rights. The opinions on which Magistrate Judge Levin relied (and there are more in the same vein) tell district courts to *fix* the technical errors, not to send the apparently prevailing party home empty

handed! Technical repair work may be done at any time, see Fed. R. Civ. P. 60(a), and was in order here.

In the main, oversights should be dealt with promptly. A litigant such as Draiman who does nothing at the time, and then lets 17 years pass without action, cannot complain about any shortcomings in the court's work. Litigants have—and these parties exercised—the option to accept a decision, warts and all, and enforce it as written. That is one implication of *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978), which held that the parties may elect to treat a defective decision as final and appeal without waiting for the errors to be rectified. This must mean that the district court's decision may be enforced if it is affirmed; otherwise the would-be appellant is not aggrieved by the decision and can't appeal. Likewise the new Fed. R. App. P. 4(a)(7), which took effect on December 1, 2002, supposes that a technically deficient resolution of civil litigation is conclusive. Rule 4(a)(7) sets a limit on the privilege, established by *United States v. Indrelunas*, 411 U.S. 216 (1973), to wait for the judge to enter a proper Rule 58 judgment. So once the judge has resolved the case, even if by an order that does not satisfy the rules, and 150 days have lapsed, the decision is treated *as if* final even though formally defective. Rule 4(a)(7) does not apply to an order entered in 1985, but in conjunction with *Bankers Trust* it shows that a botched disposition still may have legal effect.

The order that Magistrate Judge Balog entered in December 1985 is clear enough to be enforced: Draiman owes TDK $201,353.94. The references to costs did not make the judgment non-final or deficient, see *Wielgos v. Commonwealth Edison Co.*, 892 F.2d 509, 511-12 (7th Cir. 1989), and TDK has forfeited any entitlement to costs by failing to act within the time provided by Fed. R. Civ. P. 54(d)(1). The district court can, and should, enter

a new judgment providing for the principal damages plus 17 years worth of post-judgment interest.

That the occasion for this revision is a rule of state procedure does not make the step less appropriate. Rule 69 says that state law applies, and although no federal rule expressly authorizes revival or reentry of a judgment, this office formerly was performed by the writ of *scire facias*, which still is obtainable by a more modern motion. See Fed. R. Civ. P. 81(b); Charles Alan Wright & Arthur R. Miller, 12 *Federal Practice & Procedure* §3134 (2d ed. 1997). See also, e.g., *FDIC v. Shaid*, 142 F.3d 260 (5th Cir. 1998); *United States v. Fiorella*, 869 F.2d 1425 (11th Cir. 1989). Normally entry of a reviving order should be a clerical task; all it entails is assurance that the judgment has not been vacated or marked satisfied since its rendition. Here matters were a tad more complex, but the need to patch up the 1985 judgment should not have required appellate proceedings.

TDK's petition for mandamus is denied. On TDK's appeal, the district court's order is vacated, and the case is remanded with instructions to revive the judgment of 1985 by entering a judgment in the form prescribed by Rules 58 and 79.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
